[No. 7679.   Decided March 3, 1909.]

SEABURY MERRITT, *Appellant*, v. NORRIS N. GRAVES,
*Respondent.*[1]

EXECUTION SALES—SETTING ASIDE—GROUNDS—IRREGULARITY — IN-
ADEQUACY OF BID. The fact that a higher bid is submitted after sale
of lands on execution is not ground for refusing to confirm the sale,
under Laws 1899, p. 88, § 6, subd. 2, requiring a confirmation unless
there appear "substantial irregularities in the proceedings concern-
ing the sale, to the probable loss or injury of the party objecting."

SAME—NOTICE OF SALE TO DEFENDANT. Parties to an action are
not entitled to personal notice of the time and place of an execution
sale, under Laws 1899, p. 86, § 3.

SAME—PARTIES ENTITLED TO PURCHASE—ATTORNEY FOR PLAINTIFF.
The attorney of the execution plaintiff may become the purchaser
of lands at execution sale, the plaintiff not objecting, and the execu-
tion debtor cannot object to confirmation of the sale on that ground.

Appeal from an order of the superior court for Spokane
county, Sullivan, J., entered September 1, 1908, setting aside
a sale on execution, on motion of the defendant.   Reversed.

*C. C. Lantry*, for appellant.

*A. E. Barnes*, for respondent.

RUDKIN, C. J.—This case was before this court on a
former appeal.   *Graves v. Graves*, 48 Wash. 664, 94 Pac.
481.   The judgment was there reversed, and the cause re-
manded with directions to make an equal division of the
property in controversy between the plaintiff and the de-
fendant, or to sell the property and divide the proceeds in
case a division could not be made.   After the case was re-
mitted to the court below, judgment was entered pursuant
to the mandate of this court and referees were appointed to
partition the property.   The referees thus appointed re-
ported to the court that the property could not be partitioned
without great prejudice to the owners and parties in interest,
and recommended that the property be sold and the proceeds.

[1]Reported in 100 Pac. 164.

divided. This report was confirmed after a hearing, and the referees were ordered to make a sale of the property, at public auction, to the highest bidder, in the manner required for the sale of real property on execution. The property was sold pursuant to this order, and the appellant Merritt became the purchaser at the sale. The sale was reported to the court for confirmation, and the respondent, who was the defendant in the original action, interposed the following objections thereto:

"(1) That the defendant had no notice of the time of sale and had no opportunity to be present and protect his interests in said property and did not know of said sale until it was over.

"(2) That the property was sold for an inadequate price.

"(3) That in case of a resale of said property it will sell for a substantial increase of the price bid at said sale.

"(4) The defendant herein tenders a bid of $4,500, for said lots.

"(5) The defendant hereby tenders into court a check for $100, to pay the costs of a resale of said property, and agrees to make good any additional amount if that sum is not sufficient to meet the costs of resale.

"(6) The defendant hereby offers to pay into court the sum of $2,300 for the use of the plaintiff for her half interest in said lots."

A hearing was had on the motion to confirm and the objections thereto, and the court refused to confirm the sale and ordered a resale for two reasons; first, because a higher and better bid was submitted with the objections to confirmation; and second, because the attorney for the plaintiff in the action was the purchaser at the sale. From the order setting aside the sale and ordering a resale, this appeal is prosecuted.

The statute of this state relating to partition proceedings provides that,

"All sales of real property made by referees shall be made by public auction, to the highest bidder, in the manner required for the sale of real property on execution." Bal. Code, § 5583 (P. C. § 1228).

The statute relating to sales of real property on execution provides that if objections to confirmation be filed,

"The court shall, notwithstanding, allow the order confirming the sale, unless on the hearing of the motion, it shall satisfactorily appear that there were substantial irregularities in the proceedings concerning the sale, to the probable loss or injury of the party objecting." Laws 1899, p. 88, subd. 2 of § 6.

The fact that a higher or better bid is submitted after sale is not a statutory ground for setting aside or refusing confirmation of an execution sale. There must be some irregularity in the proceedings concerning the sale itself.

"An irregularity is defined to be the want of adherence to some prescribed rule or mode of proceeding; and it consists either in omitting to do something that is necessary for the due and orderly conducting of a suit, or doing it in an unseasonable time or improper manner." Vol. 4 Words & Phrases; Title, Irregularity, and cases cited.

It is a departure from some prescribed rule or regulation, and within this definition the objections to confirmation failed to point out a single irregularity in the proceedings concerning the sale, unless the fact that the property was bid in by the attorney for the adverse party be deemed an irregularity. The fact that a higher or better bid was submitted after the sale did not show any irregularity in the proceedings concerning the sale, and the parties to the action were not entitled to personal notice of the time and place of sale. Laws 1899, p. 86, § 3. Can the respondent be heard to complain because the property was bid in by the attorney for the adverse party? In general,

"No person can become a purchaser at a judicial sale who has a duty to perform in reference thereto which is inconsistent with the character of purchaser, or who is so connected with the sale that his individual interest as a purchaser might be inconsistent with his duty. Thus the person who sells at a judicial sale may not become the purchaser, either directly or indirectly. Neither can the judge who ordered

the sale become the purchaser or be interested as a purchaser; and under some statutes an appraiser of the property sold is prohibited from becoming the purchaser. However, a purchase by a prohibited person renders the sale not void, but voidable only. In the United States either party to the suit may become the purchaser, and if a judicial sale of corporate property occurs in the course of litigation between stockholders, they stand in no such fiduciary relation to the property as to prevent them from becoming purchasers either for themselves or for others. But an attorney who becomes a purchaser at a judicial sale made for the benefit of his client is not a *bona fide* purchaser without notice. In England and Canada neither a party to the suit nor his solicitor can become the purchaser unless he has previously obtained leave of court to bid." 24 Cyc. 29.

But the prohibition in question has no application to a case of this kind. The appellant was the attorney for the plaintiff in the original action, but she has not appealed and is not complaining. No relation of trust or confidence existed between the appellant and the respondent, and the appellant was under no legal or moral obligation to protect him or his rights. The plaintiff in the action might have become the purchaser at the sale. *Pewabic Min. Co. v. Mason,* 145 U. S. 349, 12 Sup. Ct. 887, 36 L. Ed. 732, and if so, why not her attorney? True, the attorney occupied a position of trust and confidence towards his client and could not become the purchaser at the sale against her will; if she did not consent to the purchase, she might by acting promptly claim the benefit of the purchase or oppose confirmation, but the matter was one solely between her and her attorney, and a stranger will not be heard to complain. We are of opinion, therefore, that no irregularity in the proceedings concerning the sale was shown, and that the order setting the sale aside and directing a resale should be reversed with directions to confirm the sale as prayed. It is so ordered.

Gose, Chadwick, Crow, Mount, Dunbar, and Fullerton, JJ., concur.