[No. 8663.   Department Two.   August 5, 1910.]

NATIONAL BANK OF COMMERCE, *Plaintiff*, v. L. KILSHEIMER
& COMPANY, INCORPORATED, *et al.*, *Defendants*, ELMORE
WINKLER, *as Receiver*, *Respondent*, J. ARONSON,
*Appellant*.[1]

APPEAL—PARTIES ENTITLED TO APPEAL—MISTAKES. A party cannot appeal from a final order confirming a receiver's sale, on account
of a mistake made in entering it, without first calling the trial
court's attention to the mistake.

JUDGMENTS—VACATION—GROUNDS—MISTAKE. Rem. & Bal. Code,
§ 464, subd. 3, authorizing the vacation of judgments or orders for
"mistakes, neglect, or omission of the clerk, or irregularity" etc.,
is not restricted to mistakes of the clerk, but refers to any mistake;
and under this section and § 303, Id., authorizing the court in the
furtherance of justice to correct a mistake in any pleading or proceeding, it is the duty of the court to correct a mistake made by
counsel in entering an order confirming a receiver's sale, so that
the same will conform to the order and notice of sale.

RECEIVERS—SALES—CONFIRMATION—CORRECTION OF MISTAKE. Where
an order for a receiver's sale provided that the purchaser should
receive credit proportionately to the total value of the goods originally listed which had been disposed of between the filing of the
inventory and the sale, an order of confirmation giving him credit
for the total value at list prices of all goods *now* in the store (except
those purchased by the receiver since the inventory), is clearly a
mistake and it is the duty of the trial court to correct the same so
that he will receive credit only for those *not* now in the store.

SAME—PARTIES—ASSIGNEE OF PURCHASER. Upon motion to correct an order of confirmation of a receiver's sale, a person recited in
the order of confirmation to be the assignee of the purchasers
stands in the place of the purchasers.

Appeal from an order of the superior court for King
county, Gilliam, J., entered November 1, 1909, modifying
an order confirming a receiver's sale, after a hearing before
the court.   Affirmed.

[1]Reported in 110 Pac. 15.

*Leopold M. Stern* (*J. W. Russell*, of counsel), for appellant.

*R. E. Thompson, Jr.*, for respondent.

DUNBAR, J.—On the 9th day of June, 1909, Elmore Winkler, the respondent in this case, was appointed receiver of the defendant corporation, took charge of the assets, filed an inventory on the 28th day of June, 1909, and carried on the business of the defendant corporation, retailing liquors, cigars, and cigarettes, until the time of the sale hereinafter mentioned. On the 2d day of July, 1909, he petitioned the court for permission to sell the balance of the stock of defendant corporation, together with the fixtures, etc., and an order was made authorizing the receiver to sell in bulk, and fixing the time of sale. The receiver advertised for bids on said stock and fixtures, to be opened on the 12th day of July, 1909. On said 12th day of July, the receiver received five bids for said stock, of which that of Max M. Pullman and Hyman N. Krasnoff for $5,000 was the highest, and on the 13th of July the receiver made his return of sale to the court, and recommended the acceptance of the Pullman-Krasnoff bid. In the meantime negotiations were opened between the high bidders for the stock and one J. Aronson, providing said bid was accepted and the sale confirmed. On the 16th day of July, 1909, an order was made confirming the sale, and directing the receiver to sell and convey to Aronson the stock, etc., and Aronson paid to Pullman and Krasnoff the sum agreed upon between them as the purchase price of their rights under their bid. Such rights were assigned to him.

The original order of sale, while not in so many words specifying the condition of sale, is plainly construed to mean that the purchaser should receive credit proportionately to the total value of the goods originally listed in the inventory which had been disposed of between the filing of the inventory and the sale, the confirmation of which was asked. The receiver recommended the confirmation of the sale, and on the

16th day of July, 1909, the receiver and his attorney, and Pullman, Krasnoff and their attorneys being present, the attorney for the appellant, having prepared an order of confirmation, handed it to the attorney for the respondent herein for inspection. It was hastily inspected, according to the testimony of respondent's attorney, and handed up to the court, who adopted it in his order of confirmation. In that order of confirmation were the following words:

"Less deductions and additions to be determined as follows: less the total value according to the prices at which they were appraised, of such goods originally listed in the inventory and appraisement filed June 28, 1909, which are now contained in the store of defendant corporation, plus the value according to the original value of such goods as are now contained in said store which were purchased by the receiver since the taking of the inventory."

Shortly after the filing of this order of confirmation by the attorney for respondent, he discovered that the stock had not been sold in conformity with the order of sale made by the court, which order was substantially set forth in the notice of sale which had been published, and informed the attorney for the appellant that he should ask the court to vacate the order of confirmation and have it made in conformity to the order of sale. The attorneys not being able to agree on this proposition, a petition was filed, asking the court to vacate the order of confirmation. Issues were made, and the cause was tried, and the court modified the order to correspond with the order of sale and notice of sale by deductions and additions, to be determined as follows:

"Less the proportionate value of said goods originally listed in the inventory filed herein June 28, 1909, which are not now contained in the store of the defendant corporation, and plus the proportionate value of such new goods as are now contained in said store which were purchased by the receiver, such proportion shall be determined by the ratio which the amount of the bid bears to the value of the property sold, such value being fixed by the inventory in the case of old

goods and by the cost price in the case of goods purchased by the receiver since taking the original inventory."

We should have stated that the petition for modification shows that, under the conditions as expressed in the confirmation as amended, Aronson, the appellant, was indebted to the estate in the sum of $1,189.78, which was the amount which really was due if computed according to the terms of the last order confirming the sale, and the order of the court commanded him to pay that amount. From this order this appeal is taken.

It is not contended by the appellant that the order of confirmation was, in truth and in fact, in accordance with the order of sale, but his contention is that the court erred in assuming jurisdiction to modify the order of July 16; that, even had the court possessed jurisdiction to amend its former order, it was error for it to do so upon the facts in this case. It is insisted that the order of confirmation was a final order, and as such could have been reviewed by appeal, and that, that being so, the court had no jurisdiction to modify or vacate the order on petition. The order of confirmation was a final order in a sense, but it could not have been reviewed by appeal by the respondent without calling the mistake, which he claimed had been made in making the order of confirmation, to the attention of the court. He did call it to the attention of the court by petition, and his petition was granted. So that still he was powerless to prosecute any appeal in the case, for the reason that the judgment of the court was in his favor. If the petition had been denied, then it may be that the judgment of the court in refusing to grant a modification might have been appealed from. But under the circumstances of the case, all the appeal that was available was the appeal on the part of the appellant which he has prosecuted. Many cases are cited by the appellant to sustain his contention that the superior court has no jurisdiction to vacate or modify a final judgment or order, except for the reasons and within the time prescribed by the statute.

But these cases, as we view the law, are not in point in this case.

Chapter 17, page 407, 1 Rem. & Bal. Code, on the subject of vacation and modification of judgments, and prescribing the powers of the superior court to vacate or modify judgments or orders, prescribes that such order may be vacated or modified, in § 464, subdivision 3, as follows: "For mistakes, neglect, or omission of the clerk, or irregularity in obtaining the judgment or order." The appellant contends that it is only mistakes of the clerk that are contemplated by this statute; and that, as there is no neglect or mistake imputed to the clerk in this case, no provision is made for vacation or modification of the judgment. But we think this is not the proper construction or interpretation of the language used by the statute. It provides for modification for mistakes —that is one ground for the modification; and we have no idea that it was the intention of the legislature to so narrowly restrict the words "mistakes or neglect" as to make them apply only to mistakes or neglect of the clerk, but that they were to apply to any mistake or any neglect which in the judgment of the court would warrant a modification of the judgment in the furtherance of justice. Section 303 of the same volume says that the court may, in furtherance of justice, and on such terms as may be proper, amend any pleadings or proceedings, by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect. Under this provision of the statute, we think the court had authority to modify the order of confirmation. In addition to these statutory provisions, it was decided by this court in *O'Bryan v. American Inv. & Imp. Co.*, 50 Wash. 371, 97 Pac. 241, that the superior court has inherent power to modify a judgment entry to make it conform to the truth, independent of any statute; that it is not material under what statute the party seeks the review, and that it is not even a matter of discretion

with the court, but that it is an imperative duty when no innocent third person will suffer thereby.

On the other proposition, that under the circumstances of this case, it was error for the court to modify the judgment even if it had possessed jurisdiction to review its former order, we can arrive at but one conclusion. Under the construction placed upon the language of the first order by the attorneys for appellant, an estate could be actually destroyed, as is very pertinently illustrated by the attorneys in this case: If the estate had been originally worth $10,000, and $5,000 worth of property had been sold by the receiver before the receiver's sale, and there was $5,000 left to be turned over to the purchaser, the purchaser would receive the $5,000 worth of goods, and take credit for $5,000 that had been sold, with the result that he would get the $5,000 worth of goods for nothing. And to show how ridiculous the contention is, if perchance there had been $11,000 worth of goods, and $6,000 sold, and $5,000 delivered to the purchaser, he would not only get the $5,000 worth of goods for nothing, but would be entitled to a judgment against the estate for an additional $1,000.

There is a contention that, even though this might be true with relation to the first bidders, it could not apply to the appellant in this case, for the reason that he purchased these goods of the original bidders after the confirmation by the court, but this contention is not sustained by the record, the order of confirmation itself setting forth the fact that the bidders had assigned and transferred all their interest in said bid to J. Aronson, Aronson thereby being substituted in their place as the purchaser.

No error was committed by the court in any respect, and the judgment will be affirmed.

RUDKIN, C. J., PARKER, CROW, and MOUNT, JJ., concur.