[No. 14327.   Department One.   January 7, 1918.]

WILLIA HEGBERG *et al.*, *Appellants*, v. GEORGE TRIPP *et al.*, *Respondents.*[1]

VENDOR AND PURCHASER—RESCISSION BY PURCHASER—FRAUD. Rescission of a sale of real estate will not be granted for fraud in misrepresenting the premises to contain twenty acres, when the tract contained only about sixteen acres, where the property was correctly described by metes and bounds, the boundaries were definitely marked and pointed out, a plat showed on its face the extent of the acreage, and the purchaser visited the property on several occasions; as the principle of *caveat emptor* applies.

Appeal from a judgment of the superior court for King county, Mackintosh, J., entered January 15, 1917, in favor of the defendants, dismissing an action for rescission, tried to the court. Affirmed.

*Morris B. Sachs* and *W. R. Crawford*, for appellants.

*Edward Brady* and *Ryan & Desmond*, for respondents.

WEBSTER, J.—This action was brought by appellants to rescind a sale of real estate conveyed to them by respondents, upon the ground of certain alleged false representations made by the vendors concerning the amount of land involved in the transaction, in that respondents represented the premises to contain twenty acres, more or less, when in fact, the tract conveyed contained eight square rods less than sixteen acres. The trial court rendered judgment in respondents' favor, dismissing the action. The plaintiffs have appealed.

It is not essential to enter upon a detailed discussion of the evidence. The record discloses that the deed correctly described the property by metes and bounds, the tract containing twenty acres, more or less; that it lies in a triangular shape, the boundaries being definitely marked on the surface,

[1]Reported in 169 Pac. 822.

the acreage capable of ready measurement; that the abstract furnished by respondents contained a plat which showed on its face the extent of the acreage to be conveyed; that appellants visited the property on two occasions prior to the consummation of the sale, the true boundaries of the premises being accurately pointed out by the respondents; that no fiduciary relation existed between the parties, and no artifice or fraud was practiced to prevent a thorough and complete examination; and that the land, together with certain personal property thereon, was sold in gross, the consideration being in a lump sum for the entire property conveyed.

No new questions are presented. The facts bring the case within the rule of *caveat emptor* as announced in *Conta v. Corgiat*, 74 Wash. 28, 132 Pac. 746, where the authorities are collected and classified, upon the authority of which the judgment is affirmed.

ELLIS, C. J., FULLERTON, MAIN, and PARKER, JJ., concur.