OMBRELLO v. DULUTH, SOUTH SHORE & ATLANTIC RAIL. WAY CO.

1. JUDGMENT—MERE RECITALS NOT NECESSARY.
   Since judgment does not reside in its recitals, but in mandatory portion, mere recitals are not indispensable parts of judgment.

On power of court to authorize compromise of infant's rights in controversy over estate or property, see annotation in 33 A. L. R. 105.

2. SAME—INFANTS—RECITALS—GUARDIAN AND WARD.

Where petition in probate court for approval of settlement of minor's claim for personal injuries alleged that settlement is for minor's best interests, order of approval reciting that it is upon due consideration of matters alleged is not jurisdictionally defective for failing to recite that settlement is for minor's best interests.

3. SAME—COMPROMISE AND SETTLEMENT.

Order of probate court approving settlement of minor's claim for personal injuries and finding it to be for minor's best interests is not open to attack on ground that court in making said order was not sufficiently conversant with facts.

4. SAME—EQUITY—CONSTRUCTIVE FRAUD.

Equitable relief against judgment or court order may not be had on ground of merely constructive fraud.

Appeal from Marquette; Stone (John G.), J., presiding. Submitted October 29, 1930. (Docket No. 8, Calendar No. 34,831.) Decided December 2, 1930.

Bill by Frank Ombrello, by next friend, against the Duluth, South Shore & Atlantic Railway Company, a corporation, to set aside an order of the probate court and settlement pursuant thereto. From decree dismissing bill, plaintiff appeals. Affirmed.

*A. F. Dixon* and *N. C. Spencer,* for plaintiff.

*Ralph R. Eldredge* (*Adda Eldredge,* of counsel), for defendant.

CLARK, J. The bill is a direct attack on a proceeding in the probate court of Marquette county approving settlement of a claim of plaintiff, an infant, against defendant, and it seeks to set aside the order of the probate court and settlement pursuant thereto. The bill was dismissed. Plaintiff has appealed.

Guiseppi Ombrello, the duly appointed and qualified guardian of the estate of the infant, filed in the probate court his petition:

"STATE OF MICHIGAN—Probate court for Marquette county.

"In the Matter of the Estate of

"Frank Ombrello, a Minor.

"Your petitioner, Guiseppi Ombrello, guardian of Frank Ombrello, a minor, respectfully represents that on September 26, 1913, said minor, then a boy of four and one-half years of age, was injured at the south main line of Pine street in the city of Ishpeming, Michigan, by an extra east-bound freight train of the Duluth, South Shore & Atlantic Railway Company, resulting in the crushing of his left foot, so that a portion of his said foot had to be amputated; that he has presented a claim against said railroad for damages on account of said injuries to said minor, that said company denies that it is liable for said injury, but has offered to pay the petitioner the sum of three hundred ($300) dollars (which includes the payment of the bill of the hospital of Ishpeming amounting to $44.15) in settlement of said injury claim; that your petitioner is of the opinion that such settlement is for the best interests of said minor, and therefore prays that he may be authorized and directed by this court to accept said offer, and upon receipt of said sum of three hundred dollars (less the amount of said hospital bill which is to be paid by said company direct) to execute a full release and discharge of said claim.

"GUISEPPO OMBRELLO.

"Subscribed and sworn to and filed April 28, 1913."

The court made the following order:

"At a session of this court held at the court room in the city of Marquette on April 28, 1913.

"Present: Hon. W. T. Potter, judge of probate.

"Upon reading and filing the petition of Guiseppi Ombrello, guardian of said minor, from which it appears that on September 26, 1912, said minor, then a boy of four and one-half years of age, was injured at the south main line crossing of Pine street in the city of Ishpeming, Michigan, by an extra east-bound freight train of the D. S. S. & A. Ry. Company, resulting in the crushing of his left foot, so that a portion of said foot had to be amputated; that he has presented a claim against said railway company for damages on account of said injuries to said minor; that the said company has offered to pay the sum of three hundred dollars in settlement of said claim, and praying that he may be authorized and directed to accept said offer.

"Now therefore upon due consideration of the matters alleged in said petition. It is hereby ordered, that the said petitioner is hereby directed and authorized upon the receipt of the sum of three hundred dollars from said railway company (less the sum of $44.15 to be paid to the Ishpeming Hospital) he execute and deliver to said company a full release and discharge of said claim.

"W. T. POTTER,<br>"Judge of Probate."

This was followed by payment, release, and receipt. The final account of guardian was allowed. He was discharged June 3, 1918. It was the opinion of defendant at the time that it was not liable to plaintiff, and its investigation and reports of the matter at the time justify the opinion. The probate judge was called as a witness, and testified that he did not go into detail of the matter. He talked with the father through an interpreter of recognized ability and standing in the county. He talked with Mr. Miller, attorney for defendant. Mr. Miller testified that he took the whole matter up with the probate

judge, "explained to him the whole thing, and the settlement we had agreed upon." It will be observed that the quoted probate papers state the facts quite fully. The trial judge filed a noteworthy opinion on the questions which were presented to him. As the questions on appeal are comparatively few, we cannot use the opinion in its entirety.

The first question is that the order of the probate court is jurisdictionally defective in that it contains no recital and determination that the compromise and settlement are for the best interests of the infant and that no judicial investigation was made, citing *Metzner* v. *Newman*, 224 Mich. 324 (33 A. L. R. 98) and *Palazzolo* v. *Superior Court Judge*, 234 Mich. 547, and contending for rule there announced, quoting from latter case:

"This court having looked with favor upon the adjustment of the differences of adult relatives with reference to the settlement of estates will also look favorably upon the adjustment of differences in the family over the settlement of estates where infant legatees are interested, provided the proposed compromise of the differences is submitted to the court and a finding made that the settlement and compromise are for the best interests of the infants."

It is a general rule that mere recitals are not indispensable parts of a judgment; a judgment does not "reside in its recitals, but in the mandatory portion of it." 33 C. J. p. 1195.

It is alleged in the petition that the settlement is for the best interests of the minor. The order of approving settlement recites that it is upon due consideration of the matters alleged in the petition. This is equivalent to saying that upon due consideration of the best interests of the minor the settlement is approved, and the substantial equivalent of

reciting in the order itself that the settlement was for the best interests of the minor.

This case is not like *Palazzolo* v. *Superior Court Judge, supra,* nor *Carroll* v. *Atlantic Steel Co.,* 151 Ga. 378 (106 S. E. 908, 15 A. L. R. 660), nor like cases reviewed in note 15 A. L. R. 667, cited by appellant. These cases lay down the general rule that where a judgment is rendered for plaintiff in an action by an infant through his next friend and there is no judicial investigation of the merits, but the proceedings are merely formal, the judgment merely colorable, merely a consent judgment, it will not be permitted to stand as a bar to a hearing on merits on behalf of the infant. These cases are not in point, as we have here a proper court order approving the settlement and finding it for the best interests of the infant. Of such cases it was correctly said by the trial judge:

"In none of these cases had the court assumed to enter an order authorizing the settlement and finding it fair to the infant. It is submitted that if in these cases before the judgment was entered, a court of competent jurisdiction had made an order approving and authorizing the settlement, then, no matter how casually or erroneously the order was entered, it would not have been set aside except for fraud; since as we have shown insufficiency of evidence and insufficient consideration by the court of the matter on which he assumed to act, would have been no ground for equitable relief. But in the cases relied on by counsel for plaintiff, no such order had been entered; the judgment was entered without any court order approving the settlement, and was therefore properly set aside as an attempt to make binding upon the infant, a settlement which had not been judicially approved by any court. Since it is established that a guardian or next friend

has no power after litigation is started to compromise a claim of the minor without court authority, these decisions are eminently proper, if, as the courts assumed, the trial court had not judicially passed on the settlement.

"These cases mean, therefore, only that a consent judgment in favor of an infant will be set aside in a proper proceeding, even though entered pursuant to a settlement agreement which had never been approved by the court.    *    *    *

"In a few of the cases cited by plaintiff's counsel, the court lays some stress upon the fact that the trial court in which the consent judgment for the minor plaintiff was entered, failed to hear any evidence as to the propriety of the settlement. The failure of the court to hear evidence was important, in those cases, because it indicated that the court had not considered the propriety of the settlement, and was (in the absence of an order passing on the fairness of the settlement) a good indication that that question had not been passed on. But (for the reasons above stated) when a valid order has been entered judicially determining that the agreement was fair and should be approved, that order (in the absence of fraud) settles the matter, whether or not the court had heard adequate evidence bearing on the fairness of the agreement. The lack of evidence in support of a part of plaintiff's case, or the insufficiency of evidence on any given point, is everywhere recognized as a ground for review or appeal. It is not, and it never has been, recognized as ground for setting aside an order not appealed from in a matter of which the court had jurisdiction.

"It would be astonishing indeed if an order of a court of competent jurisdiction were subject to be impeached by seeking to prove that it was insufficiently supported by evidence. If this could be done in all cases in which minors are interested, then probate orders could never be safely relied upon, and

the resulting confusion in the administration of estates and in matters relating to titles is well nigh unimaginable.''

See *Thompson* v. *Thompson,* 229 Mich. 526; *Egan* v. *Grece,* 79 Mich. 629; *Morford* v. *Dieffenbacker,* 54 Mich. 593; *Chapin* v. *Chapin,* 229 Mich. 515; *O'Connor* v. *Boylan,* 49 Mich. 209.

It is said in 34 C. J. p. 452:

''Equity will not enjoin the enforcement of a judgment at law either on the ground of the insufficiency of the evidence to support it, or the lack of evidence of essential facts, or because of erroneous action of the court in admitting or excluding particular evidence.''

And in 3 Freeman on Judgments (5th Ed.), § 1184, with respect to relief in equity from orders and decrees of probate court:

''Equity may be resorted to only upon a sufficient showing of some ground for the exercise of equitable jurisdiction such as mistake or extrinsic fraud, and not merely to review the action of the probate court. * * * The fraud which will justify equitable relief against probate orders or judgments must, of course be extrinsic. Mere perjury or false testimony is not ground for relief.''

So it appears that the order in question, made by a court of competent jurisdiction in a matter properly before it, is not open to attack on the ground of want of finding the settlement to be for the best interest of the infant. Nor, under the authorities cited, can it be here assailed on the ground that the court in making the order was not sufficiently conversant with the facts.

The second question is that of constructive fraud. Actual fraud is expressly disclaimed.

We are in accord with the trial judge in holding:

"There is no authority for equitable relief against a judgment or court order on the ground of merely constructive fraud. The rule on this point with reference to judgments is stated in Corpus Juris (34 C. J. p. 471) in the following language:

" 'The fraud must be actual and positive and not merely constructive; there must be the perpetration of an intentional wrong, or the breach of a duty growing out of a fiduciary relation.' "

Plaintiff concedes that it is upon him, that he may have relief, to show that he has a cause of action. The trial judge reviewed the facts and the law and held the proofs do not sustain a charge of actionable negligence. As this question is here unnecessary to decision, it is passed.

Affirmed.

WIEST, C. J., and BUTZEL, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.