[No. 24744. Department Two. February 20, 1934.]

W. H. AUSTIN, *Appellant*, v. J. W. DUNN *et al.,*
*Respondents.*[1]

*Josiah Thomas* and *Clarence L. Gere,* for appellant.
*Mifflin & Mifflin,* for respondents.

HOLCOMB, J.—This action was begun by appellant as an equitable action for the foreclosure of a mortgage.

By their cross-complaint, respondents alleged that the land sold to them was represented to contain twenty-four and one-half acres and that the purchase price was five hundred dollars per acre, asked that the action be dismissed, that the note and mortgage be held to have been fully paid, that the cloud of the mortgage be removed from the title of respondents to the land, and that they recover from appellant the sum overpaid. These allegations of respondents were denied by appellant.

In November, 1927, respondents purchased from appellant a tract of land situated in King county, Washington, and described in the deed as follows:

[1] Reported in 29 P. (2d) 740.

"That portion of Government Lot Eleven (11) in Section Four (4), Township Twenty-three (23) North of Range Four (4) East W. M., lying East of the Beck Road, except the South 460 feet thereof."

The purchase price was $12,500, part cash and part in four annual installments of $2,062.50 each, with interest on deferred payments, evidenced by a note and secured by a mortgage. The first three installments were paid by respondents, and the present action was brought to recover a part of the balance of the last installment.

Plats of the land in the record show a very irregularly shaped tract, the easterly boundary of which is the meandering line of the Duwamish river; the westerly line is a road known in the record as the Beck road, which does not run straight north and south but at a considerable angle; and the north and south boundaries are straight lines east and west. The land had been purchased by appellant under two separate contracts, and was understood to be bottom land. Respondents, being in the seed business in Seattle, desired the land for the purpose of raising seeds.

The trial court, after certain formal findings, made the following findings:

"The court finds that the purchase price of said land was the sum of $500 an acre, and that the plaintiff represented to the defendants, in the negotiations leading up to the sale of said premises, both by himself and agent and both orally and in writing, that the said tract of land contained within its boundaries, 24.5 acres of land, and that the purchase price of $12,250 was based upon the representations of the plaintiff and his agent, relied upon by the defendants, that said tract of land contained said amount of 24.5 acres, which at said amount of $500 per acre totaled said purchase price of $12,250.

"The court further finds that the plaintiff's escrow instructions to the Washington Title Insurance Com-

pany and all of the papers leading up to the sale of said land and the deed executed by the plaintiff's grantor to the plaintiff, which was exhibited to the defendants, recited that said tract of land contained 24.5 acres and that the defendants were justified in relying upon the representations contained in said papers and instruments. That all of the facts and circumstances herein point to the conclusion that the plaintiff intended to sell and the defendants intended to buy 24.5 acres of land. That while the court finds that the plaintiff, W. H. Austin, did not maliciously misrepresent the quantity of said land, nevertheless the court finds that he did make the representations, both orally and in writing, that the said tract contained 24.5 acres of land, not knowing or ascertaining whether they were true or false, and that, therefore, said statements and representations constituted fraudulent representations as to the defendants and that the defendants were fully justified in relying thereon. That said representations were the cause which induced the defendants to purchase said tract of land and that the plaintiff is liable for the representations so made; and the court further finds that the sale herein was a sale by the acre at the sum of $500 an acre for said 24.5 acres and that the sale herein was not a sale in gross.

''The court finds as a fact that said tract of land contains within its boundaries only 20.5 acres of land, and that there is a deficit in the amount intended to be sold and conveyed of 4 acres, which amounts to the sum of $2,000, and that there has been a failure of consideration herein to that amount.

''The court finds that the defendants are entitled to an offset against the plaintiff's mortgage herein of $2,000, plus interest which the defendants have paid on that amount since the date of the transaction at 6%, and the court finds that the defendants have overpaid the plaintiff, and the court further finds that the defendants are entitled to a cancellation of the note and mortgage sued upon in the plaintiff's complaint and that the lien of said mortgage should be canceled and held for naught, and that the cloud of said lien upon the title of the defendants in and to said real

estate should be removed, and for judgment against plaintiff for the amount which has been overpaid from the date of the transaction to date, with interest.''

From these findings, the court made the following conclusions of law:

''That the certain note and mortgage sued upon in this action and referred to in the complaint of the plaintiff on file herein covering the property referred to in the foregoing findings of fact, be and the same are hereby canceled, terminated and held for naught, and that the cloud of said mortgage upon the title to the above described premises be and the same is hereby removed and said property is freed from all manner of claim or lien under said mortgage and said property is in all respects freed therefrom.

''That the defendants are entitled to judgment against the plaintiff, W. H. Austin, in the full sum of $772, together with their costs and disbursements herein.''

Based upon these findings and conclusions, the court made and entered its judgment decreeing that the mortgage sought to be foreclosed be cancelled, annulled and held for naught, together with the note accompanying it and for which it was given as security; that the real estate described therein be freed from the cloud of the lien of the mortgage and from all manner of claims arising from the execution or recording of the mortgage; and respondents were given judgment against appellant for $772 and costs of suit. Thereafter, a motion for a new trial was made by appellant, which was denied by the court.

Appellant, on appeal, assigns two grounds for reversal of the judgment: First, that there were no misrepresentations made which support a charge of fraud; and second, that the condition of the property concerning which the representations were made was so obvious that respondent Dunn, having investigated

the property for himself, cannot maintain this action upon the representations of which he complains.

The sole question involved on this appeal is: Did appellant intend to sell, and did respondents intend to purchase, twenty-four and one-half acres of land?

The evidence, both written and oral, is not only preponderant, but overwhelming, to the effect that the land was represented to respondents as containing twenty-four and one-half acres of land. It was priced at five hundred dollars per acre, and was not a trade of one property for another. The purchase price agreed to be paid by respondents was $12,250, at five hundred dollars an acre, which is almost conclusive that appellant intended to sell and respondents thought they were buying twenty-four and one-half acres. A shortage of four acres, or approximately one-sixth of the land conveyed, is much more than an unsubstantial deficit in the sale and purchase of such highly priced land as here involved.

Of the cases cited by appellant to sustain his contention are *Van Horn v. O'Connor,* 42 Wash. 513, 85 Pac. 260; *Hegberg v. Tripp,* 99 Wash. 298, 169 Pac. 822; *Hurley v. Lindsay,* 105 Wash. 559, 178 Pac. 626; *MacKay v. Peterson,* 122 Wash. 550, 211 Pac. 716; *Sims v. Robison,* 142 Wash. 555, 253 Pac. 788. Nearly all of them are trade cases where one property was traded for another; or, as in *Hegberg v. Tripp, supra,* where the land, together with certain personal property thereon, was sold in gross, the consideration being a lump sum for the entire property conveyed.

*Narup v. Benson,* 154 Wash. 646, 283 Pac. 179, also strongly relied upon by appellant, was a case of a trade of a specific piece of farm land for an apartment house, in which no mention of price was made in the contract. The purchaser was a farmer, who

examined the land and was accustomed to estimating acreage. The land was not sold on a strictly acreage basis, as in the case at bar, but was clearly a trade in gross, and the consideration was not based upon the land containing any definite quantity of land, as in this case. In that case, also, the party complaining had made an investigation concerning quantity and discovered things which should have led him to further investigation.

The instant case is governed in principle by our decisions in *Hanson v. Tompkins,* 2 Wash. 508, 27 Pac. 73; *Wooddy v. Benton Water Co.,* 54 Wash. 124, 102 Pac. 1054, 132 Am. St. 1102, and *Arrowsmith v. Nelson,* 73 Wash. 658, 132 Pac. 743.

In *Wooddy v. Benton Water Co., supra,* among other pertinent things, we said:

"They [the vendees] had a right to assume that the quantity of land conveyed by the deed corresponded with the contract, and are not barred from a recovery for a deficiency by the mere acceptance of the deed."

In *Arrowsmith v. Nelson, supra,* we held that a sale by metes and bounds of forty acres, more or less, is not a sale in gross precluding damages for a deficiency, where the purchaser was induced to take the land by false representations that the tract contained forty acres, while it, in fact, contained only about thirty-one acres, and was irregular in shape, requiring a survey to determine the area. We there approved a decision by the supreme court of Kentucky classifying lands sold in gross and those sold by the acre; among other things, a classification which, though technically deemed and denominated sales in gross, are, in fact, sales by the acre, and so understood by the parties. The trial court so classified the sale in this case under credible and preponderating evidence.

On the other hand, if, as the court held, there was no actual fraud on the part of appellant in representing the land to contain twenty-four and one-half acres, then there was a mutual mistake of the quantity of land intended to be conveyed, against which equity will relieve. *Stahl v. Schwartz,* 67 Wash. 25, 120 Pac. 856; *Lindeberg v. Murray,* 117 Wash. 483, 201 Pac. 759; *Fay v. Best,* 137 Wash. 1, 241 Pac. 354. Cf. *Cowgill v. Citizens State Bank of Tekoa,* 131 Wash. 334, 230 Pac. 150.

As to the second ground urged for reversing the judgment, under the facts found by the trial court and our previous discussion of the law applying to such transactions as involved in the instant case, we find no merit in that contention.

For the foregoing reasons, the judgment is affirmed.

BEALS, C. J., TOLMAN, BLAKE, and GERAGHTY, JJ., concur.