[No. 34463. *En Banc.* July 16, 1959.]

PAUL HANDLEY, *Appellant*, v. CHARLES MORTLAND *et al.*, *Respondents.*[1]

[1]Reported in 342 P. (2d) 612.

*Lloyd Holtz* and *Donna McArthur,* for appellant.

*Howe, Davis, Riese & Jones,* for respondents.

OTT, J.—February 23, 1945, Paul Handley, aged nine, was struck and injured by a truck belonging to Pacific Highway Transport, Inc., which was being driven by Charles Mortland.

Four months later, Hazel Anderson (an aunt and now Paul's foster mother) was appointed his guardian *ad litem*, and, on the same day, June 14, 1945, she commenced an action against the transport company and Charles Mortland to recover damages for Paul's injuries. The transport company and Mortland answered the complaint, denying liability and affirmatively pleading contributory negligence. Thereafter, the guardian *ad litem* petitioned the court for authority to settle. The petition for an order authorizing settlement alleged in part as follows:

"That in the opinion of your petitioner, liability for said accident and resulting injuries to the plaintiff is disputed and doubtful, and the said offer of settlement in the amount of $394.90 is a fair and reasonable compromise and settlement of plaintiff's claim for damages for injuries arising out of said accident and sustained by said minor and for and on behalf of said minor.

"That your petitioner has been advised by the doctors who have treated said minor that said minor has made a full and complete recovery from said injuries suffered by him."

Hazel Anderson's testimony at the hearing upon the petition for leave to compromise and settle sustained the allegations of her petition. The court entered its findings of fact, conclusions of law, and judgment. The order authorizing compromise and settlement recited that the settlement "is a fair and reasonable compromise and settlement of this action." The amount of the settlement was paid, and the judgment satisfied of record.

May 9, 1957, six months after Paul Handley arrived at the age of majority, he filed a petition in the original proceedings to vacate the judgment upon the grounds (1) that he was not properly represented in the original proceedings, (2) that the damages recovered were grossly inadequate, and (3) that the parties made a mutual mistake

at the time of settlement as to the extent and nature of his injuries.

The defendants demurred to the petition upon the ground that it did not state facts sufficient to vacate the judgment. The court sustained the demurrer. The petitioner did not plead further, whereupon the court dismissed the petition. Petitioner has appealed.

RCW 4.72.010 provides in part:

"The superior court in which a judgment or final order has been rendered, or made, shall have power to vacate or modify such judgment or order: . . .

"(8) For error in a judgment shown by a minor, within twelve months after arriving at full age."

The error in the judgment claimed by appellant is that he was not properly represented, and that the settlement in the exact amount of the medical expense was grossly inadequate.

The minor's guardian *ad litem* was his aunt. He had resided with and was cared for by her from the date of the accident to the date of the settlement. She had observed the minor's recovery, and had "been advised by the doctors who have treated said minor that said minor has made a full and complete recovery from said injuries."

There is no allegation in the petition to vacate that the guardian *ad litem* was not a proper person to be appointed or that she had been overreached or defrauded, or that there was any collusion existing between his guardian *ad litem* and the respondents.

The appellant contends that the attorney for the guardian *ad litem* had made no independent investigation of the minor's condition, and that the attorney did not properly advise or represent the guardian *ad litem*. The guardian was fully conversant with the minor's physical condition. The guardian sought and obtained medical advice from medical men qualified to advise her. The petition contains no allegation of improper legal advice given, or that the guardian *ad litem* was overrreached or defrauded by her counsel, or that he in any manner breached his trust.

We find no merit in appellant's contention that he was previously not properly represented.

■ Appellant contends that the judgment for the exact amount of the medical expenses was grossly inadequate. RCW 11.92.060 provides in part as follows:

"Guardians of minors . . . shall have power and authority to represent their wards in all matters, and may sue . . . and such wards shall be bound by any compromise or settlement made by such guardian: *Provided,* The court shall have ordered or approved such action of the guardian. Before making any such compromise or settlement, the guardian shall file with the court which appointed him a petition setting out the nature of the suit, claim or dispute, together with the reasons for settling or compromising the same, and the court, either with or without notice of hearing, may make such order on such petition as shall appear proper."

There was full compliance with the statute authorizing compromises of minors' claims. The petition contains no allegation of irregularity in the proceedings or of any fraud perpetrated upon the court.

■ Appellant next contends that there was a mutual mistake of fact, in that none of the parties, at the time of the compromise settlement, realized the full severity or extent of the minor's injuries. Mistake of fact is not one of the statutory grounds for the vacation of a judgment. RCW 4.72.010, *supra.*

■ The general rule is that

"Unless there was fraud or collusion affecting a settlement by the guardian of a minor of a claim or debt due the latter and a discharge of the obligor or debtor, such settlement and discharge will defeat an action by the ward, brought after attaining majority, to recover from the obligor or debtor a balance alleged to be due, in the absence of a proceeding to which the former guardian is made a party, directly to set aside the settlement." 39 C. J. S. 309, § 172.

■ In *Burke v. Northern Pac. R. Co.,* 86 Wash. 37, 39, 149 Pac. 335 (1915), we said:

" . . . in the absence of fraud or collusion, minors properly in court are bound as fully as persons of full age, and when properly represented, are bound by the knowl-

.edge of .those who. represent them. The law recognizes no distinction between a decree in favor of or against infants and a decree to which adults only are parties. The same invalidating vice must be found in the one case as in the other. [Citing cases:]"

 The fact that the injuries subsequently proved to be more severe than was apparent to the parties at the time of the compromise settlement, does not constitute a mutual mistake of fact. In the absence of fraud or collusion, the compromise of a tort determines with finality all claims, known and unknown, arising therefrom. *Wieland v. Cedar Rapids & Iowa City R. Co.,* 242 Iowa 583, 46 N. W. (2d) 916 (1951), and cases cited.

In *Dearing v. Speedway Realty Co.,* 111 Ind. App. 585, 599, 40 N. E. (2d) 414 (1942), the Indiana court was concerned with facts substantially the same as those involved in the instant case. The court therein stated:

"Fraud could not be established by proof, solely, that the amount of the judgment rendered in favor of the infant plaintiff was not full or adequate compensation for the injuries that he received. It is apparent to all who are familiar with personal injury litigation that verdicts are seldom, if ever, rendered by juries, or settlements made in the course of the litigation, where exact compensation is given for the loss or injuries sustained. There is no way to measure in money the exact amount of compensation that should be paid a plaintiff in a personal injury action. Nor is the character or extent of the injuries alone determinative of the amount of compensation that can or should be received in the adjustment of such an action. Other elements, such as the availability of evidence, the character of the proof, the financial responsibility of the defendant, the expenses incident to the procurement of testimony, the delay of judicial proceedings, and the certainty concerning the cause of action are factors which influence the amount of adjustments. . . .

"It was also necessary for appellant to show at the trial of the present case that he had a meritorious cause of action . . . ."

In *Ombrello v. Duluth, South Shore & Atlantic R. Co.,* 252 Mich. 396, 402, 233 N. W. 357 (1930), the Michigan

court had this to say about a contention that the approval of the court constituted a "rubber stamp":

" 'In a few of the cases cited by plaintiff's counsel, the court lays some stress upon the fact that the trial court in which the consent judgment for the minor plaintiff was entered, failed to hear any evidence as to the propriety of the settlement. The failure of the court to hear evidence was important, in those cases, because it indicated that the court had not considered the propriety of the settlement, and was (in the absence of an order passing on the fairness of the settlement) a good indication that that question had not been passed on. But (for the reasons above stated) when a valid order has been entered judicially determining that the agreement was fair and should be approved, that order (in the absence of fraud) settles the matter, whether or not the court had heard adequate evidence bearing on the fairness of the agreement. The lack of evidence in support of a part of plaintiff's case, or the insufficiency of evidence on any given point, is everywhere recognized as a ground for review or appeal. It is not, and it never has been, recognized as ground for setting aside an order not appealed from in a matter of which the court had jurisdiction.

" 'It would be astonishing indeed if an order of a court of competent jurisdiction were subject to be impeached by seeking to prove that it was insufficiently supported by evidence. If this could be done in all cases in which minors are interested, then probate orders could never be safely relied upon, and the resulting confusion in the administration of estates and in matters relating to titles is well nigh unimaginable.' "

We have adhered to the reasoning of the cited cases. In *Burke v. Northern Pac. R. Co., supra,* and in *In re Phillips' Estate,* 46 Wn. (2d) 1, 24, 278 P. (2d) 627 (1955), we quoted with approval the following language from *Thompson v. Maxwell Land Grant & R. Co.,* 168 U. S. 451, 42 L. Ed. 539, 18 S. Ct. 121 (1897):

" ' "It would be strange, indeed, if, when those authorized to represent minors, acting in good faith, make a settlement of claims in their behalf, and such settlement is submitted to the proper tribunal, and after examination by that tribunal is found to be advantageous to the minors and approved by a decree entered of record, such settlement and

decree can thereafter be set aside and held for naught on the ground that subsequent disclosures and changed conditions make it obvious that the settlement was not in fact for the interests of the minors, and that it would have been better for them to have retained rather than compromised their claims. . . .

" ' "Ordinarily, indeed, a court before entering a consent decree will inquire whether the terms of it are for the interests of the infants. It ought in all such cases to make the inquiry, and because it is its duty so to do it will be presumed in the absence of any showing to the contrary, that it has performed its duty. . . . The consent decree shows fully the terms of the settlement, and it certainly is not straining the presumption in favor of judicial action to assume that the court would not have permitted the entry of this decree providing for a settlement whose terms were thus disclosed, without being satisfied that such settlement was for the interest of the minors who were under its charge." ' "

█ The law favors amicable settlement of disputes, and is inclined to clothe them with finality. *Wool Growers Service Corp. v. Simcoe Sheep Co.,* 18 Wn. (2d) 655, 690, 140 P. (2d) 512 (1943); *Buob v. Feenaughty Machinery Co.,* 4 Wn. (2d) 276, 294, 103 P. (2d) 325 (1940).

If the facts in the instant case constitute a mutual mistake of fact sufficient to warrant the vacation of the consent judgment, no consent judgment or compromise would have finality, and the purpose of the statute authorizing the compromise of minors' claims would be thwarted.

█ Finally, appellant's petition to vacate the judgment failed to state facts sufficient to constitute grounds for the vacation of a judgment, in that it did not contain an allegation that appellant had a meritorious cause of action. RCW 4.72.050 provides in part:

"The judgment shall not be vacated on motion or petition until it is adjudged that there is a valid defense to the action in which the judgment is rendered; or, *if the plaintiff seeks its vacation, that there is a valid cause of action;* . . ." (Italics ours.)

█ The statute contemplates an adjudication that a meritorious cause of action exists, before the judgment

can be vacated. The basis for the vacation of the judgment in the instant case is that the respondents were negligent. Since appellant failed to plead, in his petition to vacate, negligence on the part of the respondents, none could be shown without an amendment of the pleadings. *Appellant elected to stand on the defective petition.* He relies upon his allegation that the trial court found, in the original proceeding, that the respondents were negligent. This finding was made after the trial judge had approved the compromise settlement for the reason that

" . . . liability for said accident and resulting injuries to plaintiff is doubtful, uncertain and disputed, and that it is uncertain whether any legal liability or responsibility for said accident is attributable to the defendants, . . . "

Where compromise settlements are made as provided by statute, the only finding of fact necessary to support the judgment is that the parties have agreed thereto, and that the court deems the settlement to be in the best interests of the minor. Any finding as to liability is neither necessary nor proper, since neither of the compromising parties admits liability, nor is that issue adjudicated.

For the reasons stated, the judgment is affirmed.

WEAVER, C. J., MALLERY, HILL, and DONWORTH, JJ., concur.

FINLEY, J. (dissenting)—Paul Handley, a nine-year-old minor, was struck and injured on February 23, 1945, by a tractor-trailer owned by Pacific Highway Transport, Inc., and operated by Charles Mortland. On June 14, 1945, his aunt, now his foster mother, was appointed guardian *ad litem* for the minor. Promptly on the same day, suit was filed by the guardian on behalf of the minor against Pacific Highway Transport, Inc., and Mortland. *Judgment was entered on the same day,* pursuant to a settlement agreement by the terms of which Paul Handley received $394.90.

In May, 1957, six months after he became twenty-one years of age, Paul Handley (now Paul Anderson by reason of adoption by his aunt, Hazel Anderson) filed a petition

to vacate the aforementioned judgment. As grounds for vacation, Handley alleges: (1) That he was not properly represented in the original proceeding; (2) that the damages he recovered were grossly inadequate; and (3) that the parties made a mutual mistake of fact as to the nature and extent of his injuries. In substance, Handley's petition alleges that the defendants' insurance adjuster and his aunt, Hazel Anderson, reached an agreement prior to the appointment of the latter as his guardian *ad litem*; that, actually, no attorney really represented his interests in the original proceeding, since the attorney who appeared in his behalf was employed by the defendants, and that he never made an independent investigation of the facts for the purpose of determining whether the settlement, as it was worked out, was a fair one; that defendants prepared all of the papers for the action; that his aunt was appointed guardian *ad litem*, the suit was commenced, petition for authority to settle was filed and approved, and judgment was entered on the same day, namely June 14, 1945; that the only testimony which was presented to the trial judge was that of his aunt, Hazel Anderson; that no medical testimony was offered; that the trial judge made no independent effort to determine whether the settlement was fair; that his known injuries consisted of a fractured skull and a fractured right clavicle; that the damages awarded were in the amount of his then accrued medical bills; that it was not then known that he had suffered brain and nerve damage, which later caused epilepsy from which he has not recovered and from which he is never likely to recover.

Defendants demurred to the petition on the grounds that it did not state facts sufficient to warrant vacation of the judgment. The trial court sustained the demurrer and dismissed the petition. Plaintiff has appealed.

On demurrer, all facts well pleaded and reasonable inferences therefrom are admitted to be true; this is so even when the petition pleads facts disputing the recitals in the judgment of the court, since the petition makes a direct

attack upon the judgment. *In re Ellern* (1945), 23 Wn. (2d) 219, 160 P. (2d) 639; *Lakoduk v. Cruger* (1955), 47 Wn. (2d) 286, 287 P. (2d) 338. No discretion is involved in ruling on a demurrer. It was a question of law for the trial judge to determine whether the petition stated sufficient facts to establish a ground for vacating the judgment.

The petitioner specifically urged the trial judge to consider RCW 4.72.010 (8) as authorizing vacation of the judgment on the basis of facts alleged by petitioner. Considering petitioner's arguments, he apparently mistakenly believed that subsection (8) of RCW 4.72.010 is a catch-all provision for the benefit of minors and other incompetents, which includes the grounds specified in the preceding subsections of the statute. Treating this reference to RCW 4.72.010 (8) as superfluous, let us examine the petition to determine whether it states facts sufficient to vacate the judgment on any ground.

It is important to understand the nature of the action alleged to have been originally instituted relative to the minor's personal injury claims. It was *not the usual adversary personal injury lawsuit*. The parties did not submit a dispute to the court for determination; rather, they submitted a settlement agreement for approval by the court and a consent judgment thereon. In other words, the parties went to court simply because a minor's personal injury claims cannot be satisfactorily handled, compromised or released in any other manner. Absent a sufficient investigation to determine the wisdom of the settlement from the infant's point of view, the judgment of the court is little more than a rubber stamp or seal of approval. Court decisions elsewhere have compared the resulting judgment to an agreement or a simple release signed by an adult. *Elsen v. State Farmers Mut. Ins. Co.* (1945), 219 Minn. 315, 17 N. W. (2d) 652; *Union Sawmill Co. v. Langley* (1933), 188 Ark. 316, 66 S. W. (2d) 300; *Harvey v. Georgia* (1933), 148 Misc. 633, 266 N. Y. S. 168; and see the annotation in 8 A. L. R. (2d), beginning at p. 460. The writer of the particular annotation states that there appears to

be no sound reason for treating an infant differently from an adult where fraud, mistake, or nondisclosure is alleged as to a release simply because the minor's release is incorporated in a court decree, whereas an adult signs a document of release. I am influenced by the compelling and realistic logic of this statement. It seems to me that these factors should be borne in mind in determining whether an infant has established a sufficient basis for vacating a judgment. [2]

When a minor has a legal guardian, RCW 11.92.060 prescribes a definite procedure to be followed in obtaining court approval of compromise settlements. In *In re Phillips Estate* (1955), 46 Wn. (2d) 1, 278 P. (2d) 627, we said that the policy of the statute is to ". . . require that the court have sufficient information so that approval or disapproval of a settlement agreement would represent an informed opinion." Unless that requirement of the statute is met, the compromise agreements approved under that statute are void. *Grady v. Dashiell* (1945), 24 Wn. (2d) 272, 163 P. (2d) 922.

It seems to me that basic policy considerations would be the same in any and all cases in which court approval is sought of compromise settlements involving minors. Certainly a court does not render an informed opinion when it does no more than approve as to form a settlement agreement.

RCW 4.72.010 (3) provides:

"The superior court in which a judgment or final order has been rendered, or made, shall have power to vacate or modify such judgment or order:

" . . .

"(3) For mistakes, neglect or omission of the clerk, or irregularity in obtaining a judgment or order."

---

[2] I am aware of the statement made by the court in *Kromer v. Friday* (1895), 10 Wash. 621, 39 Pac. 229:

"In the absence of fraud or collusion, minors properly represented are bound as fully as if they had been majors and personally cited."

I am convinced the statement was dictum and was made in a completely different factual context. It is not persuasive in considering the factual context of the instant case.

In *National Bank of Commerce v. Kilsheimer & Co.* (1910), 59 Wash. 460, 110 Pac. 15, the court said:

"It [the statute] provides for modification for mistakes —that is one ground for the modification; and we have no idea that it was the intention of the legislature to so narrowly restrict the words 'mistakes or neglect' as to make them apply only to mistakes or neglect of the clerk, but that they were to apply to any mistake or any neglect which in the judgment of the court would warrant a modification of the judgment in the furtherance of justice."

Mutual mistake of a material fact has been recognized as a basis for rescinding a contract in the decisions of this court. See *Austin v. Dunn* (1934), 176 Wash. 453, 29 P. (2d) 740; *Lindeberg v. Murray* (1921), 117 Wash. 483, 201 Pac. 759. In other jurisdictions it has been recognized as a ground for vacating a judgment involving a minor. See *Elsen v. State Farmers Mut. Ins. Co., supra; Wilson v. Davidson* (1944), 219 Minn. 42, 17 N. W. (2d) 31; *Harvey v. Georgia, supra.*

In *Wilson v. Davidson, supra,* the Minnesota supreme court said:

". . . If a showing is made indicating that an injustice will be done the minor if the approval is allowed to stand because of separate and distinct injuries sustained by him *not contemplated by the parties or considered in the settlement,* the court has the authority to exercise its discretion in vacating the order." (Italics mine.)

This is very similar to the definition of "mistake" given by this court in *National Bank of Commerce v. Kilsheimer & Co., supra.*

I believe that the facts alleged in the petition indicate a mutual mistake of a material fact which, if established by proof, could constitute a ground for vacating the judgment against the minor "in the furtherance of justice."

In *Merritt v. Graves* (1909), 52 Wash. 57, 100 Pac. 164, and *In re Ellern, supra,* the court adopted the following definition of "irregularity," as used in RCW 4.72.010(3):

" 'An irregularity is defined to be the want of adherence to some prescribed rule or mode of proceeding; and it consists either in omitting to do something that is neces-

sary for the due and orderly conducting of a suit, or doing it in an unseasonable time or improper manner.' "

Where, as here, a minor's petition for vacation of a judgment alleges that (1) the proceedings were such that the approval of the court did not represent an informed opinion; (2) no independent counsel evaluated his claim and informed the court of its fairness, and (3) the settlement was agreed upon before the appointment of a guardian *ad litem,* I believe that the petition alleges sufficient facts to constitute an irregularity within the above definition as against a demurrer. It must be remembered that the instant case is here on demurrer. We must accept all facts well pleaded and all reasonable inference therefrom as true. Whether the allegations are subsequently proved involves another distinct and different legal problem, in case appellate review is occasioned.

Respondent contends that appellant, in his petition to vacate, has failed to allege a meritorious cause of action, and that under RCW 4.72.050 the demurrer was properly sustained on that ground alone. Because of the nature of the procedure involved heretofore in the cause, there may be some question as to whether the judgment as originally entered for appellant amounted to an adjudication of liability on the part of the respondent. In this connection, I shall only mention, in passing, an inconsistency which exists in the trial court's order and findings. The order authorizing compromise and settlement states, in part, that

" . . . liability for said accident and resulting injuries to plaintiff is doubtful, uncertain and disputed, and that it is uncertain whether any legal liability or responsibility for said accident is attributable to the defendants, . . ."

The trial court's findings of fact and conclusions of law upon which the judgment was of course based reads, in part:

"That said accident and resulting injuries to plaintiff were caused solely and proximately by the negligence of defendant. That said defendants were negligent in that

the operator of said equipment failed to keep a proper lookout while operating said truck and trailer and in failing to keep the same under proper control. . . ."

It is in fact not necessary to determine whether the entry of this judgment was an adjudication of liability. The original complaint filed in this action and the instant petition to vacate the judgment are both pleadings in the same cause. They bear the same superior court cause number and are both included in the transcript in the present appeal and, obviously, are now before this court in the present appeal. The reasoning of the court in *Harringer v. Keenan,* (1921), 117 Wash. 311, 201 Pac. 306, is decisive of the instant problem. In that case the court stated:

"The second contention under this head is that the application was not accompanied by a showing of a meritorious cause of action. But this is not necessary where a plaintiff seeks to be relieved from a default inadvertently entered against him. *His cause of action appears in his complaint, and repetition thereof would in no manner enlighten the court.* The cases cited in support of the point, namely, . . . [Citing cases.] are cases where a defendant sought relief from a judgment against him. In such instances the courts generally hold it necessary to show, in addition to the causes for vacating the judgment, that the applicant has a meritorious defense to the action in which the judgment against him was entered. This for the reason that it does not otherwise appear; *a principle inapplicable to the plaintiff in an action."* (Italics mine.)

For the reasons indicated hereinbefore, it is my conviction that the judgment of the trial court should be reversed. I therefore, dissent.

ROSELLINI, FOSTER, and HUNTER, JJ., concur with FINLEY, J.

---

October 8, 1959. Petition for rehearing denied.