[No. 28545. Department Two. April 17, 1942.]

R. C. JOHNSON, *Respondent,* v. NORTHEAST TRANSPORTA-
TION COMPANY *et al., Appellants.*[1]

*Rummens & Griffin* and *Frank E. Hammond,* for ap-
pellants.

*Byers, Westberg & James,* for respondent.

BEALS, J.—Northeast Transportation Company was
incorporated July 2, 1926, as a community project, for
the purpose of furnishing auto stage service to a dis-
trict lying northeast of the city of Seattle. Approxi-
mately two hundred fifty residents of the territory to
be served subscribed for the company's five hundred
shares of authorized capital stock. A certificate of
public convenience and necessity having been ob-

[1]Reported in 124 P. (2d) 794.

tained, the corporation entered into an oral contract with R. C. Johnson, the plaintiff in this action, to operate a stage for it. January 1, 1928, the parties entered into a written contract to continue for the period of five years, and, at the expiration of the term of the contract, the same was renewed for another five-year period. Under the terms of the contract, Mr. Johnson furnished his own equipment, paid the operating expenses, was responsible for any losses, and was entitled to all net profits. As first operated, the stage route extended only to the limits of the city of Seattle, but, this service not being satisfactory, a certificate was obtained from the department of public service authorizing operation of the line to the city center.

The department suggesting that the corporation own its own equipment, an assessment of three dollars per share was levied for the purpose of purchasing a motor bus. The assessment failing to raise sufficient funds, plaintiff agreed to purchase 137 shares of the capital stock, at four dollars per share, at the same time paying the three dollar assessment upon the one share for which he had subscribed, plaintiff paying in all $551. It would seem that plaintiff's name was entered on the corporation's books as owner of the shares, and he voted them at stockholders' meetings. The corporation issued no certificates of stock, either to respondent or to anyone else.

Many of the residents of the district were dissatisfied with the transportation facilities furnished, while others were ardent partisans of plaintiff. Litigation resulted, lawsuits having been brought which have engaged the attention of the superior courts for King and Thurston counties, several cases having been appealed to this court.

Finally, plaintiff requested the department of public service to cancel the corporation's certificate, and,

after a hearing, the department canceled the company's certificate and issued a new one to plaintiff. The action of the department was reviewed before the superior court for Thurston county, which reversed the order of the department. On plaintiff's appeal to this court, the judgment of the superior court was affirmed. *State ex rel. Northeast Transportation Co. v. Schaaf,* 198 Wash. 52, 86 P. (2d) 1112.

A judgment against Johnson for costs, entered in the case above cited, amounting to $49.50, remaining unpaid on the docket of the superior court for Thurston county, during the month of September, 1939, execution was issued thereon and delivered to the sheriff of King county, with instructions to levy, pursuant to the execution, upon "any and all of the capital stock of the Northeast Transportation Company which may stand in the name of the defendant R. C. Johnson, or in which he may have any interest." The sheriff held two sales pursuant to the execution, one in October, and one in December, 1939. At each sale, W. M. Van Der Volgen, a defendant in this action, was the purchaser, receiving bills of sale conveying to him all stock in the corporation standing in the name of R. C. Johnson, "or in which he may have any interest," as stated in the levy.

Mr. Johnson learned of the sales in January, 1940, and in August of that year he filed in the superior court for Thurston county his motion and affidavit to vacate the execution sales, basing his motion upon alleged grounds of fraud, conspiracy, and lack of notice. Plaintiff named W. M. Van Der Volgen as a party, and served upon him and the corporation an order to show cause why the sale should not be set aside. Van Der Volgen was named in the order to show cause, but was never made a party to the action. He appeared specially, and moved to quash the

service upon him, which motion was granted. The corporation demurred to the petition, and its demurrer was sustained.

The superior court expressed the opinion that the statute providing for the sale of corporate stock pursuant to execution had been complied with, and that Mr. Johnson had shown no reason for vacating or setting aside the sheriff's sales. A formal order was entered, sustaining Van Der Volgen's special appearance and motion to quash, sustaining the corporation's demurrer, and dismissing Mr. Johnson's application, the concluding portion of the order reading as follows:

"That the motion and application of the said R. C. Johnson to vacate and set aside and hold for naught the sheriff's sale herein be, and the same is hereby overruled and denied and the said application of the said R. C. Johnson hereby is dismissed."

No appeal was prosecuted from this order, and in due time the corporation entered on its books a notation of the transfer of the Johnson stock to Van Der Volgen.

Thereafter, R. C. Johnson instituted this action, naming as defendants Northeast Transportation Company, a corporation, J. F. Lidral, and W. M. Van Der Volgen, demanding an injunction restraining defendants Lidral and Van Der Volgen from voting or exercising ownership in specified shares of stock of the corporation, and asking that sales of stock to the named defendants, including the sales by the sheriff above referred to, be declared null and void. Plaintiff also prayed for a writ of mandate requiring the corporation to make a notation on its records recognizing plaintiff as the owner of the shares of stock. In his complaint, plaintiff alleged that he had been wrongfully deprived of his stock, pursuant to a fraudulent conspiracy entered into between defendants Van Der

Volgen, Lidral, the corporation, and certain persons named in the complaint, acting as the board of trustees of the corporation. Plaintiff stated two causes of action, reiterating his charges of the existence of a conspiracy to defraud him, praying for relief based upon his allegations in the first cause of action, as above set forth, also asking that defendant Lidral be enjoined from voting certain stock described in the first cause of action, and upon his second cause of action, asking relief as above stated.

The defendants jointly answered the complaint, denying any conspiracy, and, in three affirmative defenses, pleading certain facts as a defense to the action, the third defense pleading the sheriff's sales of the Johnson stock to Van Der Volgen, and also pleading the order of the superior court for Thurston county, above referred to, as *res judicata.* Plaintiff having replied to the affirmative defenses with denials, the action was tried to the court, and resulted in a decree in plaintiff's favor, the decree by way of a recital stating that the court "found that a fraudulent conspiracy did exist," and granting relief as follows:

"It is Hereby Ordered, Adjudged and Decreed as follows:

"1. That the attempted cancellation of subscriptions or shares of stock in the defendant corporation is hereby decreed to be null and void, and those whose subscriptions or shares were purported to have been canceled, or their assignees, are hereby reinstated as subscribers or shareholders of the capital stock of the defendant, Northeast Transportation Company, and said company is hereby ordered to reinstate said subscriptions or shares on the books of the company in the names of said subscribers or shareholders, or their assignees, which subscribers or shareholders and the number of shares which they own are as follows: [Naming many persons]

"2. That of the subscriptions or shares hereinabove named, the plaintiff is adjudged and decreed to be the

owner of the following, by reason of the assignments thereof filed herein as one of the exhibits, to-wit: [Naming many persons]

"3. That the sale to the defendant J. F. Lidral, of the following named of the subscriptions and shares hereinabove named is hereby set aside, canceled and held for naught, and the said defendant, J. F. Lidral, is hereby enjoined from voting said subscriptions and shares, either in person or by proxy, and from exercising any of the incidents of ownership therein, which subscriptions or shares are as follows: [Naming many persons]

"4. That the sale of the following named subscriptions or shares to the defendant, W. M. Van Der Volgen, by the sheriff of King county is hereby set aside, canceled and held for naught, and the said defendant, W. M. Van Der Volgen, is hereby enjoined from voting said subscriptions or shares, either in person or by proxy, or from exercising any of the incidents of ownership thereof, and the defendant corporation is hereby ordered to reinstate said shares on the books of the company as belonging to the plaintiff, R. C. Johnson, said shares being as follows: [Naming many persons]

"5. That the defendant, Northeast Transportation Company, is hereby ordered to call the annual meeting of the subscribers or shareholders thereof for the year 1941, to be held on or before the 7th day of July, 1941, and if not so called and notices thereof mailed, in accordance with the provisions of the by-laws of the corporation, on or before the 24th day of June, 1941, the plaintiff is hereby authorized to call such meeting under the authority of this decree, at which meeting the provisions of this decree with reference to the ownership of subscriptions or shares in the defendant corporation shall be enforced by the defendant corporation.

"6. That the defendant corporation is hereby restrained from taking any action affecting the ownership of subscriptions or shares of the capital stock in the defendant corporation until after the annual meeting for the year of 1941, hereinabove provided to be held."

A motion for new trial having been denied, defendants in open court gave notice of appeal, the court fixing the supersedeas bond at one thousand dollars. Within the time limited by law, the defendant corporation and defendant Van Der Volgen filed a cost bond, pursuant to the notice of appeal, and these two defendants also filed a supersedeas bond in the amount fixed by the court. Defendant Lidral filed no bond, either for costs or by way of a supersedeas, and his appeal never became effective.

Manifestly, paragraph four of the decree, *supra*, refers to the sheriff's sales at which Van Der Volgen purchased respondent's stock, those sales being by the decree "set aside, canceled and held for naught." Referring to this decree, respondent in his brief states that "the decree does not purport to vacate the execution or sale in the Thurston county case," that statement being later repeated in the brief, followed by the statement that respondent in his complaint "did not seek to vacate the judgment or the sale, which are conceded to be regular." Respondent follows this statement by stating that "his prayer is for a decree declaring the sale to be 'null and void.'" These statements are inconsistent.

The decree does not purport to attach the shares of stock which Van Der Volgen purchased at the execution sales, and direct the retransfer thereof to Johnson, but, on the contrary, sets aside and cancels the sales themselves. Whether or not the superior court for King county had jurisdiction to set aside and cancel a sale made by the sheriff of King county, pursuant to an execution issued upon a judgment rendered by the superior court for Thurston county, need not be considered, in view of the fact that the record discloses no basis for the decree appealed from, in so far as the same set aside and canceled the sales.

For the same reason, we shall not discuss appellants' argument that the order entered by the superior court for Thurston county, dismissing respondent's application to vacate the sheriff's sales, constitutes *res judicata*, in so far as this action is concerned.

Respondent in his complaint at great length alleged facts which he contended constituted a fraudulent conspiracy on the part of appellants, defendant Lidral, and others, to wrongfully deprive him of his stock in the corporation, and to obtain control of the corporation. As shown by the numerous cases of various sorts during recent years brought by or against appellant Northeast Transportation Company, in which questions between respondent Johnson or his partisans on the one hand, and the corporation on the other, have been the subject matter of litigation, the affairs of the corporation have been greatly confused, and many complications have resulted. Charges of bad faith have been bandied to and fro, and much ill will has been engendered.

Respondent complains here, as he did before the superior court for Thurston county upon his application to set aside the execution sales, of the fact that a representative of the corporation told the sheriff of King county not to give him, Johnson, notice of the fact that the sales pursuant to the execution were to be held. No such notice was necessary to the validity of the sale (*Merritt v. Graves*, 52 Wash. 57, 100 Pac. 164), and, as is stated in the court's memorandum opinion filed in the Thurston county proceeding, "the request was simply for the sheriff to refrain from doing a thing the law did not require him to do."

Neither will the courts inquire into the motives which may have influenced the agents of appellant corporation. In the recent case of *Consolidated*

*Freight Lines v. Groenen,* 10 Wn. (2d) 672, 117 P. (2d) 966, we said:

"However reprehensible the appellant's actuating purpose may have been from a moral standpoint, we fail to see how it has any material bearing on the issues in this case. Ordinarily, in the absence of fraud, the courts are not concerned with the motive which impels a person to make a lawful purchase of property."

Respondent was bound to take notice of the fact that a judgment for costs had been rendered against him, and that he had not paid the judgment or caused it to be satisfied. It is conceded that the judgment was perfectly regular.

The record contains nothing which supports the decree of the trial court setting aside and canceling the sheriff's sales at which appellant Van Der Volgen purchased the stock which then belonged to respondent. In the absence of any showing to the contrary, the court should have held that the sales were valid.

The decree, then, must be reversed, the evidence failing to show that respondent Johnson was the owner of any stock in the corporation, his title to the stock which he formerly owned having been divested by the execution sales. The record fails to show that the execution sales were the result of any fraudulent or unlawful conspiracy on the part of appellants, and Johnson's title to the corporation's stock having been divested prior to the institution of this action, as the result of the sheriff's sales, the evidence introduced by respondent in support of his allegations of fraudulent conspiracy on the part of appellants and others does not support the relief granted by the trial court, nor does it warrant the granting of any relief in this action.

We presume that the decree purports to affect only the rights of persons who were parties to the action,

or who for some reason may be bound by the decree. As to other persons, the decree is ineffective.

On the appeal of appellants Northeast Transportation Company and W. M. Van Der Volgen, the decree of the superior court is reversed, with directions to dismiss the action as to the appellants named.

ROBINSON, C. J., BLAKE, SIMPSON, and JEFFERS, JJ., concur.