[Nos. 6880–3–III; 7336–0–III.   Division Three.   October 9, 1986.]

JENNY RASMUSSEN, *Respondent,* v. ALLSTATE INSURANCE
COMPANY, *Appellant,* FARMERS INSURANCE
COMPANY, *Respondent.*

G. *Thomas Dohn, Blaine G. Gibson,* and *McArdle, Dohn, Talbott & Simpson,* for appellant.

*Diehl R. Rettig, James E. Hurson,* and *Raekes, Rettig, Osborne, Forgette & O'Donnell,* for respondent.

GREEN, C.J.—Allstate Insurance Company insured a vehicle involved in an automobile accident. Farmers Insurance Company insured a passenger in the vehicle who was injured in the accident. The question presented involves the extent to which each company must contribute payment for the damages suffered by the injured passenger.

On October 6, 1981, Jenny Rasmussen was a passenger in an automobile driven by Wayne Wright, owned by Budget Rent–A–Car of Washington–Oregon, Inc., and insured by Allstate. The automobile was involved in an accident with a vehicle driven by Kimberly M. Kion and insured by Stonewall Insurance Company. Stonewall paid Ms. Rasmussen its liability limits of $25,000. Ms. Rasmussen had her own automobile insurance through Farmers which provided $25,000 in underinsured motorist coverage.

Ms. Rasmussen brought a declaratory judgment action to determine the coverage provided by Allstate and Farmers for her damages. The parties stipulated the issue of coverage be reserved while the damage question be arbitrated. The arbitrator determined Ms. Rasmussen's total damages were $165,000. Ms. Rasmussen then moved for summary judgment on the issue of coverage. The motion was granted against Allstate. The Allstate policy did not provide uninsured or underinsured coverage. The court relied on the depositions of the president of Budget Rent–A–Car and the Allstate agent and read into the policy uninsured/underinsured motorist coverage because there had been no valid rejection of such as required by the uninsured/underinsured motorist statute. Thereafter, Allstate filed a notice of appeal. On March 29, 1985, Ms. Rasmussen settled her

claim with Allstate for $113,000, releasing it and assigning all of her rights against Farmers to Allstate. On June 17 Allstate moved for summary judgment on the issue of Farmers' liability. The trial court ordered Farmers to pay Allstate $25,000. Farmers appealed and its appeal was consolidated with Allstate's appeal.

▪ Allstate claims there was a valid rejection by Budget Rent–A–Car of uninsured/underinsured coverage and the court erred in ruling to the contrary. We need not reach this issue because the release and assignment agreement between Allstate and Ms. Rasmussen provides:

> For and in consideration of the sum of One Hundred Thirteen Thousand Dollars . . . I release and forever discharge Allstate Insurance Company . . . from any and all rights, claims, including claims for underinsured motorist benefits, or damages of any kind, known or unknown, existing or arising in the future, resulting from or related to injuries or damages arising from an accident that occurred on or about October 6, 1981.

This compromise agreement constitutes a merger and bar of all existing claims and causes of action and is as binding and effective as a final judgment itself. *Gregory v. Hamilton,* 77 Cal. App. 3d 213, 142 Cal. Rptr. 563 (1978); 15A Am. Jur. 2d *Compromise and Settlement* § 24 (1976). It is res judicata of all matters relating to the subject matter of the dispute. *Handley v. Mortland,* 54 Wn.2d 489, 342 P.2d 612 (1959); *In re Estate of Phillips,* 46 Wn.2d 1, 278 P.2d 627 (1955). Therefore, the scope of the coverage by Allstate is no longer an issue.

With respect to the appeal by Farmers, it contends the court erred in applying the maximum loss rule and requiring both Allstate and Farmers to contribute equally to payment of the loss until the Farmers' policy limits of $25,000 were exhausted. We agree.

A discussion of the following cases is helpful to resolve this issue. The first case chronologically is *Mission Ins. Co. v. Allendale Mut. Ins. Co.,* 95 Wn.2d 464, 626 P.2d 505 (1981), which involved an insured party who suffered a

property loss covered by two policies issued by two separate insurers. The court, relying on *Carriers Ins. Co. v. American Policyholders' Ins. Co.,* 404 A.2d 216 (Me. 1979), adopted and applied the maximum loss rule which simply requires each company to contribute equally until the limits of the smaller policy are exhausted, then any remaining portion of the loss is to be paid from the larger policy up to its limits. The *Allendale* court was apparently faced with two excess clauses which were mutually repugnant. *See* Survey of Washington Law, *Insurance Law: Apportionment Between Policies,* 17 Gonz. L. Rev. 829, 835 (1982); *Mission Ins. Co. v. Guarantee Ins. Co.,* 37 Wn. App. 695, 701, 683 P.2d 215 (1984).

The *Carriers* case relied on by the *Allendale* court also contained two excess clauses which conflicted and were repugnant to each other, but unlike *Allendale* it involved a vehicular accident where both policies were purchased to cover the vehicle involved in the accident.

*Mission Ins. Co. v. Guarantee Ins. Co., supra,* decided in 1984, involved a car accident with the driver covered by one policy and the vehicle, owned by the driver's employer, insured by another policy. The court did not apply the maximum loss rule because the "other insurance" clauses of the two policies were not conflicting, but were consistent with each other. The court stated at pages 701–02:

> Where two policies can be read together without conflict, the court should preserve the integrity of each. . . . We therefore reject Guarantee's argument that the maximum loss method should have been used in spite of consistent clauses in the two policies . . .

(Citation omitted.)

Finally in *Millers Cas. Ins. Co. v. Briggs,* 100 Wn.2d 9, 665 P.2d 887 (1983), there was a conflict between the two policies. They both contained "excess" other insurance clauses. *Millers,* at 12. To resolve this conflict, the court did not use the maximum loss rule, and in fact did not even mention it. Instead, it held the insurer of the involved vehicle is the primary insurer and is liable to its policy lim-

its without apportionment. It also held the liability of the excess insurer does not arise until after the limits of the coverage under the primary policy have been exceeded.

Here, the Allstate policy provides in its "other insurance" clause:

> *The insurance afforded by this policy is primary insurance,* except when stated to apply in excess of or contingent upon the absence of other insurance. When this insurance is primary and the Insured has other insurance which is stated to be applicable to the loss on an excess or contingent basis, *the amount of Allstate's liability under this policy shall not be reduced by the existence of such other insurance.*

(Italics ours.) The Farmers' policy provides in its "other insurance" clause:

> With respect to bodily injury to an insured while occupying an automobile not owned by the named insured, the insurance under the Uninsured Motorists Coverage shall apply only as *excess insurance* over any other similar insurance available to such insured and applicable to such automobile as primary insurance, and *this insurance shall then apply only in the amount by which the limit of liability for this coverage exceeds the applicable limit of liability of such other insurance.*

(Italics ours.)

■ In light of the case law and the actual policy provisions, the maximum loss rule should not have been applied in the instant case for two reasons: (1) Pursuant to the holding in *Millers Cas. Ins. Co. v. Briggs, supra,* the insurance company insuring the vehicle involved in the accident is the primary insurer and the other insurance is excess. Here, Allstate insured the vehicle involved in this accident and thus was the primary insurer. As the excess insurer, Farmers' liability does not arise until after the limits of the coverage under the Allstate policy have been exceeded. (2) By the terms of the Allstate and Farmers policies, Allstate is the primary insurer. There is no conflict between the "other insurance" clauses of the policies. The Allstate policy expressly states it is the primary insurer.

The *Allendale* case with its maximum loss rule is inapplicable and distinguishable from the instant case on several points: (a) Most critically there is no conflict here between the "other insurance" clauses as existed in the *Allendale* case. (b) *Allendale* involved two policies issued on the same property, both covering the loss that occurred. Here, Allstate covered the vehicle involved in the accident while Farmers covered the injured passenger's vehicle and its coverage applied merely through its uninsured motorist provision.

Affirmed in part; reversed in part.

MUNSON and THOMPSON, JJ., concur.

Reconsideration denied November 12, 1986.

Review denied by Supreme Court March 3, 1987.