[No. 72265-0. En Banc.]
Argued November 12, 2002. Decided March 13, 2003.

NEW HAMPSHIRE INDEMNITY COMPANY, INC., *Respondent*, v.
BUDGET RENT-A-CAR SYSTEMS, INC., *Petitioner*.

930

*K.C. Webster* (of *Phillips & Webster, P.L.L.C.*), for petitioner.

*Meriwether D. Williams* and *Patrick J. Cronin* (of *Winston & Cashatt, P.S.*), for respondent.

*Janet G. Lim* on behalf of Washington State Auto Dealers Association, amicus curiae.

*Lamont C. Loo* and *Carol J. Cooper* on behalf of Washington State Independent Auto Dealers Association, amicus curiae.

*Linda B. Clapham* and *June K. Campbell* on behalf of Car & Truck Renting & Leasing Association, amicus curiae.

SANDERS, J. — We must settle a dispute between two insurers over which party is primarily responsible for insurance coverage in an accident involving a rental car insured by Budget Rent-A-Car Systems, Inc. (Budget) but driven by a driver with personal liability insurance through New Hampshire Indemnity Co. (New Hampshire). Specifically, the question is whether the insurer of a vehicle is always primary, or whether the terms of the insurance contracts themselves are determinative. We hold that the conditions of coverage depend on the terms of the insurance contracts and that no per se rule requires the insurer of a vehicle to provide primary coverage.

Thomas Bentley, a Virginia resident, rented a car from Budget in Spokane on April 4, 1998. Mr. Bentley chose not to buy optional liability insurance through Budget, relying instead on his personal liability insurance policy with New Hampshire. On April 7 while driving in Idaho, he was involved in an automobile accident that injured members of the Reilly family. The Reillys submitted claims with Budget and New Hampshire.

New Hampshire sought a declaratory judgment in superior court against Budget, Mr. Bentley, and the injured parties. New Hampshire argued that Budget's rental agreement provided primary coverage and its own policy provided excess coverage only. Budget argued that its coverage was never triggered due to the super escape clause in its contract. Budget also cross claimed against Mr. Bentley seeking indemnification in case it should be held primary insurer and forced to defend. The court granted New Hampshire's summary judgment motion, holding that Budget's rental agreement provided primary coverage, New

Hampshire's coverage was excess only, and New Hampshire was entitled to reasonable attorney fees and costs and disbursements. Budget appealed. The Court of Appeals affirmed in a published opinion, holding Budget as owner of the vehicle was primary insurer. *N.H. Indem. Co. v. Budget Rent-A-Car Sys.*, 109 Wn. App. 394, 396, 405, 35 P.3d 1180 (2001). The court awarded New Hampshire attorney fees on the appeal. Budget sought, and we granted, discretionary review under RAP 13.4.

▇▇▇▇ Our review of the trial court's grant of summary judgment is de novo. *Wilson v. Steinbach*, 98 Wn.2d 434, 437, 656 P.2d 1030 (1982). Interpretation of Budget's and New Hampshire's policies presents a question of law. *State Farm Gen. Ins. Co. v. Emerson*, 102 Wn.2d 477, 480, 687 P.2d 1139 (1984). As such, our review of these policies is also de novo. *McDonald v. State Farm Fire & Cas. Co.*, 119 Wn.2d 724, 730-31, 837 P.2d 1000 (1992); *Griffin v. Allstate Ins. Co.*, 108 Wn. App. 133, 137, 29 P.3d 777, 36 P.3d 552 (2001). We interpret insurance contracts as an average person would and in a manner that gives effect to each provision of the policy. *Smith v. Cont'l Cas. Co.*, 128 Wn.2d 73, 78, 904 P.2d 749 (1995); *McDonald*, 119 Wn.2d at 733; *Cook v. Evanson*, 83 Wn. App. 149, 152-53, 920 P.2d 1223 (1996).

▇▇▇▇ Both Budget's rental agreement[1] and New Hampshire's insurance policy include "other insurance"[2] provisions that seek to avoid coverage when there is other

---

[1] Rental car agreements are treated as stand-alone policies of vehicle insurance. *Van Vonno v. Hertz Corp.*, 120 Wn.2d 416, 425, 841 P.2d 1244 (1992) ("The rental agreement, in which Hertz contracted to indemnify Van Vonno, constitutes a motor vehicle liability policy.").

[2] "Other insurance" clauses attempt to make an otherwise primary insurer secondary or to relieve the insurer of responsibility for the risk altogether. 15 LEE R. RUSS & THOMAS F. SEGALLA, COUCH ON INSURANCE § 219:2, at 219-8 to 219-9 (3d ed. 1999). "Super escape clauses" are one type of other insurance clause which provide that insurance will not apply to any liability for loss that is covered by primary, excess, contributory, or any other basis by other insurance. 15 RUSS & SEGALLA, *supra*, § 219:36, at 219-43. "Excess clauses" are another type of other insurance clause which provide that an insurer will pay a loss only after other available primary insurance is exhausted. *Id.* § 219:4, at 219-12.

available insurance. Budget's policy does so through a super escape clause:

> 5) BUDGET PROVIDES AUTOMOBILE LIABILITY PROTECTION FOR BODILY INJURY (INCLUDING DEATH) AND PROPERTY DAMAGE CAUSED BY NEGLIGENT USE OR OPERATION OF THE VEHICLE LIMITED AS FOLLOWS:
>
> A. *BUDGET'S LIABILITY PROTECTION DOES NOT APPLY until after exhaustion of all automobile liability insurance and/or other protection available to the driver of the Vehicle (personal automobile insurance, employer's insurance and/or any other protection or indemnification whether primary, excess or contingent)*, and then Budget's protection applies only to the extent it is needed to meet, on a cumulative basis with all such liability insurance and/or protection available to the driver, the minimum financial responsibility limits required by applicable law.

Clerk's Papers (CP) at 12 (emphasis added). The New Hampshire policy seeks to avoid coverage through an excess insurance clause:

> If the insured has other insurance against a loss covered by Part I of this policy the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss; provided, however, the insurance *with respect to a temporary substitute automobile or non-owned automobile shall be excess insurance over any other valid and collectible insurance.*

CP at 18 (emphasis added). The resolution of the conflict between New Hampshire's excess clause and Budget's super escape clause presents a question of first impression. Other courts addressing the same kind of conflict have reached various conclusions. Some courts give effect to the excess insurance clause and not to the super escape clause, sometimes reasoning that excess insurance does not trigger the escape clause because excess insurance is not available

insurance. *See, e.g., U.S. Fid. & Guar. Co. v. Hanover Ins. Co.*, 417 Mass. 651, 655, 632 N.E.2d 402 (1994); *Ins. Co. of N. Am. v. Cont'l Cas. Co.*, 575 F.2d 1070, 1073 (3d Cir. 1978). This reasoning is troubling because it does not effectuate the language of the policies. The reasoning is also circular; whether it makes sense depends on which policy you read first. Other courts have found the two clauses are mutually repugnant, and therefore both insurers should pay on a pro rata basis. *See, e.g., Dette v. Covington Motors, Inc.*, 486 So. 2d 805 (La. Ct. App. 1986); *Brown v. Travelers Ins. Co.*, 610 A.2d 127 (R.I. 1992). Again this solution fails to give effect to the specific terms of the insurance policy when one policy contains a super escape clause. Other courts enforce the super escape clause to effectuate the parties' clear intent to exclude coverage if excess insurance is available. *See, e.g., Farm Bureau Mut. Ins. Co. v. Alamo Rent A Car, Inc.*, 319 Ill. App. 3d 382, 388-89, 744 N.E.2d 300, 253 Ill. Dec. 18 (2000); *Hodgen v. Forest Oil Corp.*, 862 F. Supp. 1567, 1577 (W.D. La. 1994), *aff'd in part*, 115 F.3d 358 (5th Cir. 1997); *Hanover Ins. Co.*, 417 Mass. at 655. This approach most nearly effectuates the intent of the contracting parties.

We have traditionally enforced "other insurance" clauses to give effect to the intent of the contracting parties. *Gen. Ins. Co. of Am. v. Rocky Mountain Fire & Cas. Co.*, 70 Wn.2d 384, 387, 423 P.2d 537 (1967). In doing so we follow the majority approach. *See* 1 BARRY R. OSTRAGER & THOMAS R. NEWMAN, HANDBOOK ON INSURANCE COVERAGE DISPUTES § 11.03[d][1] (11th ed. 2002). Moreover, under Washington law, provisions which limit liability are given effect unless they are contrary to public policy. *Brown v. Snohomish County Physicians Corp.*, 120 Wn.2d 747, 753, 845 P.2d 334 (1993). We only rarely invoke public policy to override express terms of insurance policies. *Boeing Co. v. Aetna Cas. & Sur. Co.*, 113 Wn.2d 869, 876 n.1, 784 P.2d 507 (1990). An insurance policy will not violate public policy unless the challenged provision is " 'prohibited by statute, condemned by judicial decision, or contrary to the public morals . . . .' " *Emerson*, 102 Wn.2d at 481 (quoting 17

C.J.S. *Contracts* § 211, at 1024 (1963)). We have never condemned super escape clauses; they are not prohibited by statute, nor are they contrary to "public morals," whatever those may be.

Both Budget and New Hampshire argue public policy supports making the other party's coverage primary. The cited statutes, the mandatory liability insurance act (MLIA), chapter 46.30 RCW, and the financial responsibility act (FRA), chapter 46.29 RCW, do not provide support for either party. The public policy behind the FRA and the MLIA is to protect the public from motorists who are unable to compensate the victims of accidents. *Mendoza v. Rivera-Chavez*, 140 Wn.2d 659, 999 P.2d 29 (2000). This policy is not implicated where coverage is a given and the only question is *which* insurance company must assume primary responsibility for coverage.

We hold that parties may, consistent with the law, contract for automobile insurance coverage that becomes available only after all other insurance available, including excess insurance, is exhausted. Here Budget's super escape clause does no more than this. Budget's super escape clause is effective to avoid primary coverage, and New Hampshire must provide coverage under the terms of its excess insurance provision.

 In reversing the Court of Appeals we reject several conclusions reached by that court. Contrary to the Court of Appeals' reading, our decision in *Millers Casualty Insurance Co. of Texas v. Briggs*, 100 Wn.2d 9, 665 P.2d 887 (1983),[3] does not establish a rule that an owner of the vehicle involved in an accident must provide primary insurance. *See N.H. Indem.*, 109 Wn. App. at 402. *Millers* was decided on the policies' terms rather than any general rule of primary coverage. 100 Wn.2d at 13. The court stated in that case, "[t]he law is clear that Millers, as the insurer of

---

[3] Also cited are two cases which have relied on the same sentence from *Millers* in their holding: *Perez Trucking, Inc. v. Ryder Truck Rental, Inc.*, 76 Wn. App. 223, 232, 886 P.2d 196 (1994); *Rasmussen v. Allstate Insurance Co.*, 45 Wn. App. 635, 726 P.2d 1251 (1986). Neither case analyzed the statement before applying it, however.

the involved vehicle, is the primary insurer and is liable to its policy limits without apportionment." *Id*. at 12. Our conclusion followed from the terms of the two policies, and the cases cited for that conclusion all similarly based their holdings on the language of the policies. For example, *Western Pacific Insurance Co. v. Farmers Insurance Exchange*, 69 Wn.2d 11, 17, 416 P.2d 468 (1966), one of the cases cited, reasoned:

> It will be recalled that Western insured Formanek, the nonowner driver of the truck, with a policy containing an "excessive insurance" clause, and that Farmers insured Hendrickson, the owner of the truck, with a policy containing a "pro-rata" clause. As between Western and Farmers, then, by virtue of the respective clauses, Farmers' policy, so far as covering a permissive and included use of the truck, would be considered the primary policy and Western's the secondary policy for subrogation, contribution, or apportionment purposes.

*Id*. The decision in *Millers* was rightfully decided on the terms of the policies.

Moreover, a rule that insurance on the vehicle must be primary does not make sense in the context of drivers of rental vehicles. A car rental customer is not in a position to sit down and carefully consider the coverage provided in the rental agreement, nor is the rental agency able to carefully examine the driving history of a customer renting its vehicles. Requiring rental insurance always to be primary would be inefficient and likely lead to higher costs for renters. On the other hand, when a customer buys coverage on their personal automobile, both customer and prospective insurer can reflect on the terms and investigate each other before signing a policy. Unsafe drivers will pay higher premiums and safe drivers lower premiums as is fair. Thus, if we were to invent a per se rule, which we do not choose to do, it would make more sense for the driver's personal liability insurance to provide primary coverage.

Also, contrary to the Court of Appeals decision, *Diaz v. National Car Rental Systems*, 143 Wn.2d 57, 17 P.3d 603

(2001) is inapplicable here. *See N.H. Indem.*, 109 Wn. App. at 404-05. *Diaz* said in dicta that "the name given to an insurance policy by the insurer is not necessarily controlling as to whether the policy *functions* as an excess or primary policy. The functionality of the policy determines its character, not necessarily the name given it by an insurance company." *Diaz*, 143 Wn.2d at 63 n.2. This dicta from *Diaz* establishes only that titles are not determinative where language in the policies indicates a function other than that expressed in the title. *Diaz* does not give license to courts to ignore the terms of the policy. Ignoring the language of the super escape clause is not supported by *Diaz* and is contrary to this court's policy of interpreting insurance policies based on their terms.

Budget challenges the superior court's finding that it was responsible for the costs of defending Mr. Bentley in the underlying tort suit, arguing New Hampshire should be responsible for these costs. Significantly, Budget's policy does not promise a defense, but New Hampshire's policy specifically provides that New Hampshire will defend Mr. Bentley for occurrences involving either an owned or a nonowned vehicle.[4]

▆▆ Under Washington law the duty to defend and the duty to indemnify are separate obligations, the duty to defend being broader. *Weyerhaeuser Co. v. Commercial Union Ins. Co.*, 142 Wn.2d 654, 690, 15 P.3d 115 (2000). The insured should not be left without a prompt and proper defense and if a primary insurer fails to assume the defense, for any reason, the secondary insurer which has a duty to defend should provide the defense and, to do justice, should be entitled to recoup its costs from the primary insurer. 7C JOHN ALAN APPLEMAN ON INSURANCE LAW AND PRACTICE § 4682, at 33, 35 (Walter F. Berdal ed. 1979).

Because we find that New Hampshire has the first duty to provide coverage under the terms of its policy with Mr. Bentley, New Hampshire has first duty to defend Mr.

---

[4]We do not reach the validity of Budget's policy, which fails to provide for a defense.

Bentley under the terms of its policy. Budget is entitled to recover the cost of the defense it provided to New Hampshire's insured.

## Conclusion

We reverse. New Hampshire must indemnify to its limits and provide a defense to Mr. Bentley. Budget remains secondarily liable to the extent of its coverage.[5] Reasonable attorney fees, costs, and litigation expenses are awarded to Budget based on the stipulation of the parties that such an award to the prevailing party is appropriate. The award to New Hampshire of its reasonable attorney fees, expenses, and costs is reversed.

ALEXANDER, C.J.; JOHNSON, MADSEN, IRELAND, BRIDGE, CHAMBERS, and OWENS, JJ.; and SMITH, J. PRO TEM., concur.

Petitioner's motion for reconsideration granted, opinion modified, and respondent's motion for reconsideration denied July 8, 2003.

---

[5]In a motion for reconsideration Budget argues that it does not provide any coverage under these facts. That issue is not here decided.