State Farm Mut. Automobile Ins. Co. v. Hertz Claim Management Corp., et al. - Rec'd 3/19/03

(text box: 1) NO. 5-01-0694

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

________________________________________________________________________

STATE FARM MUTUAL AUTOMOBILE )  Appeal from the

INSURANCE COMPANY, )  Circuit Court of

)  St. Clair County.

     Plaintiff-Appellant, )

) 

v. )  No. 00-MR-11

) 

HERTZ CLAIM MANAGEMENT )

CORPORATION and NATIONAL UNION )

FIRE INSURANCE COMPANY OF )

PITTSBURGH, PENNSYLVANIA, )  Honorable 

)  Stephen R. Rice,

     Defendants-Appellees. )  Judge, presiding.

________________________________________________________________________

JUSTICE CHAPMAN delivered the opinion of the court:

The plaintiff's insured was involved in a motor vehicle accident while driving a rental vehicle insured by the defendants, which resulted in a claim against the driver for injuries and property damage sustained by another driver.  The plaintiff sought a declaratory judgment that the defendants' coverage for liability stemming from the accident was primary while the plaintiff's was secondary.  The trial court awarded a summary judgment in favor of the defendants.  The plaintiff appeals, arguing that (1) a provision in the rental contract making the driver's insurance primary was contrary to law and therefore ineffective and (2) the initial-permission rule required the defendants' coverage to be primary.  We affirm the trial court.

I. BACKGROUND

On January 11, 1999, Michael Kauling rented a 1998 Ford Contour from ADRI/Auffenberg Ford, doing business as Auffenberg Rent-A-Car (Auffenberg), to drive while his van was being repaired by a Ford Motor Company (Ford) dealership.  His rental contract with Auffenberg provided that if he did not purchase a liability insurance supplement from Auffenberg at an additional charge, his car insurance would provide primary coverage.  Kauling did not purchase the liability insurance supplement.  Later that day, Kauling was involved in a car accident with David Watson, who filed a complaint against Kauling for his injuries and the damage to his vehicle.

The Contour was owned by Ford and insured through defendant National Union Fire Insurance Company of Pittsburgh, Pennsylvania (National Union).  The certificate of financial responsibility that Ford had filed with the Illinois Secretary of State pursuant to section 9-101 of the Illinois Vehicle Code (625 ILCS 5/9-101 (West 2000)) stated that the coverage provided by the National Union policy was secondary.  However, the policy itself did not contain such a limitation.  Kauling's own vehicle was insured by plaintiff State Farm Mutual Automobile Insurance Company (State Farm).  His policy provided coverage for liability arising from his use of "temporary substitute vehicles," including rental cars.  It provided, however, that such coverage was secondary if the temporary substitute vehicle had other liability insurance.

On January 12, 2000, the plaintiff filed a complaint against defendant Hertz Claim Management Corp., with which Ford also maintains insurance policies covering Auffenberg vehicles.  On May 24, 2000, the plaintiff filed an amended complaint, naming National Union as an additional defendant.  The complaints sought a declaratory judgment that the defendants were responsible for providing primary coverage for Kauling's potential liability to Watson.  The defendants and the plaintiff filed motions for a summary judgment.  The trial court entered a summary judgment order in favor of the defendants on July 30, 2001.  This appeal followed.

II. ANALYSIS

The plaintiff contends that Illinois law requires a vehicle owner's insurance to provide primary coverage in all cases.  The defendants, by contrast, argue that this requirement is imposed by the Illinois Safety and Family Financial Responsibility Law (Financial Responsibility Law) (625 ILCS 5/7-100 through 7-708 (West 2000)), which is inapplicable to rental vehicles because their insurance is governed by a set of statutes specific to the insurance of  rental cars (rental car insurance law) (625 ILCS 5/9-101 through 9-110 (West 2000)), which does not contain such a provision.  We agree with the defendants.

A summary judgment is appropriate only where there is no genuine issue of material fact and the pleadings, depositions, and affidavits show that the moving party is entitled to a judgment as a matter of law.  
Farm Bureau Mutual Insurance Co. v. Alamo Rent A Car, Inc
., 319 Ill. App. 3d 382, 386, 744 N.E.2d 300, 302 (2000).  Our review of the trial court's ruling on a motion for a summary judgment is 
de novo
.  
Farm Bureau Mutual Insurance Co.
, 319 Ill. App. 3d at 385, 744 N.E.2d at 302.

Section 7-601(a) of the Illinois Vehicle Code provides that no one may operate a motor vehicle or allow a vehicle to be operated without obtaining sufficient insurance.  625 ILCS 5/7-601(a) (West 2000).  For most vehicles, section 7-203 requires that the policy limits must be at least $20,000 per person or $40,000 per accident for personal injury or death and at least $15,000 for property damage.  625 ILCS 5/7-601(a), 7-203 (West 2000).  Section 7-317(b)(2) requires that the insurance must cover any person driving the insured vehicle with the express or implied permission of the insured.  625 ILCS 5/7-317(b)(2) (West 2000).  Such coverage is commonly referred to as "omnibus coverage."  If the policy does not expressly provide omnibus coverage, it will be interpreted as providing it.  
State Farm Mutual Automobile Insurance Co. v. Universal Underwriters Group
, 182 Ill. 2d 240, 244, 695 N.E.2d 848, 850 (1998) (where omnibus clauses are required by statute, such a clause must be read into each insurance policy).   

Among the vehicles exempted from the requirements of section 7-601(a) are those in compliance with other statutes that require insurance in amounts meeting or exceeding those required by section 7-601(a).  625 ILCS 5/7-601(b)(6) (West 2000).  The Illinois Supreme Court has held that this exception applies only if the other statute requires coverage of the 
type
 mandated by section 7-601(a).  
Universal Underwriters Group
, 182 Ill. 2d at 245, 695 N.E.2d at 851.  Section 9-101 of the Illinois Vehicle Code requires the owners of rental vehicles to provide proof of financial responsibility to the Secretary of State.  625 ILCS 5/9-101 (West 2000).  Financial responsibility may be in the form of a bond, an insurance policy, or a certificate of self-insurance.  625 ILCS 5/9-102 (West 2000).  If the owner of the rental car opts to provide an insurance policy, as Ford has done in the instant case, it must provide coverage with limits of at least $50,000 per person for bodily injury or death or $100,000 per accident for bodily injury or death and property damage.  The policy must cover any driver using the car with the insured's express or implied permission.  625 ILCS 5/9-105 (West 2000).  Because the rental car insurance law requires rental cars to be insured in amounts exceeding those required by sections 7-601(a) and 7-203 and contains an omnibus clause identical to that found in section 7-317(b)(2), we find that rental cars fall within the exception provided by section 7-601(b)(6).

Section 7-317 and section 9-105 are silent on which insurer is to provide primary coverage where the driver and the vehicle are covered by different policies.  625 ILCS 5/7-317, 9-105 (West 2000).  However, the Illinois Supreme Court has stated that, absent statutory language to the contrary, the omnibus clause found in section 7-317(b)(2) "must be construed to require primary coverage."  
Universal Underwriters Group
, 182 Ill. 2d at 246, 695 N.E.2d at 851.  We note that the two omnibus clauses serve the same purpose and contain nearly identical language.  For the reasons which follow, however, we conclude, as have the other Illinois appellate courts to consider the issue, that section 9-105 does not require a rental car agency to provide primary insurance as long as such coverage is available from another source.

The purpose of the omnibus provisions is to protect the public by ensuring that adequate resources are available to compensate for injuries sustained as a result of automobile accidents.  
Insurance Car Rentals, Inc. v. State Farm Mutual Automobile Insurance Co.
, 152 Ill. App. 3d 225, 232, 504 N.E.2d 256, 261 (1987).  Their purpose is the protection of the public, not other insurance agencies.  
Continental Casualty Co. v. Travelers Insurance Co.
, 84 Ill. App. 2d 200, 204, 228 N.E.2d 141, 144 (1967).  In general, where two insurance policies each purport to offer only secondary coverage, the insurance of the vehicle's owner is primary while that of the driver is secondary.  
Dotson v. Agency Rent-A-Car, Inc.
, 101 Ill. App. 3d 804, 807, 428 N.E.2d 1002, 1004 (1981).  However, the Illinois courts that have considered this question in the unique context of rental cars have concluded that the general rule does not apply.  
Farm Bureau Mutual Insurance Co.
, 319 Ill. App. 3d at 389, 744 N.E.2d at 305; 
Insurance Car Rentals, Inc.
, 152 Ill. App. 3d at 234, 504 N.E.2d at 262; 
Dotson
, 101 Ill. App. 3d at 808, 428 N.E.2d at 1005.  This is so because the public policy at stake is not frustrated by departing from the general rule.  
Farm Bureau Mutual Insurance Co.
, 319 Ill. App. 3d at 389, 744 N.E.2d at 305; 
Insurance Car Rentals, Inc.
, 152 Ill. App. 3d at 234, 504 N.E.2d at 262.

In 
Insurance Car Rentals, Inc.
, as here, a driver rented a car for use while his car was being repaired.  
Insurance Car Rentals, Inc.
, 152 Ill. App. 3d at 227, 504 N.E.2d at 258.  As here, the car rental agency offered him a choice between relying on his insurance company to provide primary coverage or paying a higher cost in order to be provided with full coverage through the rental agency's insurer.  The driver opted for the former option.  
Insurance Car Rentals, Inc.
, 152 Ill. App. 3d at 228, 504 N.E.2d at 258.  The Third District Appellate Court found that the car rental agency fulfilled the purpose of protecting the public because it "did provide a means for obtaining insurance if a customer chose to use [its] insurance."  
Insurance Car Rentals, Inc.
, 152 Ill. App. 3d at 232, 504 N.E.2d at 261.  In so holding, the court emphasized that there were two separate agreements the driver could have entered into with the rental car agency.  Had he chosen to purchase insurance through the agency's insurer, he would have had to sign a different form, which was a different color.  Moreover, the cost of renting the car would have been higher.  
Insurance Car Rentals, Inc.
, 152 Ill. App. 3d at 232, 504 N.E.2d at 261.  Thus, the court reasoned, the agency protected "those who would otherwise be uninsured."  
Insurance Car Rentals, Inc.
, 152 Ill. App. 3d at 232, 504 N.E.2d at 261.

Similarly, in the case at bar, Auffenberg offered Kauling the option of purchasing the liability insurance supplement and enjoying full primary coverage under the defendants' policies.  As in 
Insurance Car Rentals, Inc.
, the rental agreement between Auffenberg and Kauling made it unmistakable to Kauling that he was declining such full coverage.  The supplement had to be purchased at an additional price.  The rental contract contained paragraphs both on the front and on the reverse explaining that by not purchasing the supplement, the driver was relying on his own insurance to provide primary coverage.  The paragraph was highlighted on the front of the contract and preceded by the words "NOTICE: Please read the following carefully" printed in bold typeface.  In addition, the rental agreement contained a space for Kauling to place his initials indicating whether he accepted or declined the liability supplement.  Thus, Auffenberg provides insurance to drivers who otherwise might not be covered while renting its cars.  It also protects drivers from inadvertently declining coverage they need or prefer.  We find that these measures adequately protect the public.  

We note that the aforementioned safeguards are not normally present in the context of cars owned by repair shops and loaned to customers, dealer-owned cars taken for test drives by customers, or privately owned cars loaned to friends or relatives.  In addition, in these contexts, the owner of the car does not pass on the cost of the insurance directly to the driver as a rental car agency does.  Further, in holding that the omnibus provision mandated by the Financial Responsibility Law included a requirement that the vehicle's insurer provide primary coverage, the Illinois Supreme Court noted that the general practice in the insurance industry is to treat the owner's policy as primary.  
Universal Underwriters Group
, 182 Ill. 2d at 246, 695 N.E.2d at 851.  By contrast, the general practice among rental car agencies is to provide customers with the option of purchasing insurance from the rental agency or providing their own coverage.  

Finally, we think important policy considerations support our holding that rental car agencies and drivers may contractually agree that the driver's policy will provide primary coverage.  As we have stated, the laws mandating omnibus liability insurance for vehicles exist to protect the public.  This policy is served regardless of which policy's coverage is primary.  On the other hand, the public policy of this state in favoring the freedom to contract would be frustrated by holding ineffective contracts such as the rental contract here at issue, where no competing public policy requires us to do so.  See 
Farm Bureau Mutual Insurance Co.
, 319 Ill. App. 3d at 389, 744 N.E.2d at 305.

The Supreme Court of Washington recently considered the precise issue before us, in 
New Hampshire Indemnity Co. v. Budget Rent-A-Car Systems, Inc.
, No. 72265-0 (Wash. March 13, 2003).  That court found, as we find, that the public policy of protecting the public from motorists unable to compensate accident victims for their injuries "is not implicated where coverage is a given and the only question is 
which
 insurance company must assume primary responsibility for coverage."  (Emphasis in original.)  
New Hampshire Indemnity Co.
, slip op. at 7.  

The court went on to explain why a 
per se
 rule that the insurer of a vehicle, rather than that of the driver, must always provide primary coverage makes no sense in the context of rental cars.  The court stated as follows:

"A car rental customer is not in a position to sit down and carefully consider the coverage provided in the rental agreement, nor is the rental agency able to carefully examine the driving history of a customer renting its vehicles.  Requiring rental insurance always to be primary would be inefficient and likely lead to higher costs for renters.  On the other hand, when a customer buys coverage on their personal automobile, both customer and prospective insurer can reflect on the terms and investigate each other before signing a policy.  Unsafe drivers will pay higher premiums and safe drivers lower premiums as is fair."  
New Hampshire Indemnity Co.
, slip op. at 9.

Although the court declined to enunciate a 
per se
 rule, it concluded that, if anything, a 
per se
 rule making the 
driver's
 insurance primary would be more logical under the circumstances.  
New Hampshire Indemnity Co.
, slip op. at 9.

We find 
Insurance Car Rentals, Inc.
, 
Farm Bureau Mutual Insurance Co.
, and 
New Hampshire Indemnity Co.
 persuasive.  We therefore hold that neither the Illinois Vehicle Code nor the public policy of this state requires rental car owners' insurers to provide primary coverage.

Alternatively, State Farm contends that the initial-permission rule requires the defendants to provide primary coverage to Kauling.  We disagree.  Under the initial-permission rule, once the owner or named insured gives another person permission to use the car, the insurance coverage applies even if that person exceeds the scope of the owner's permission by allowing a second person to drive the car.  
American Country Insurance Co. v. Wilcoxon
, 127 Ill. 2d 230, 236, 537 N.E.2d 284, 287 (1989).  The plaintiff contends that this rule prevents the defendants from denying coverage because their insured, Ford, gave permission to Auffenberg to use the Contour and, in turn, Auffenberg gave permission to Kauling to drive it.  We find the initial-permission rule inapplicable to the facts before us.  Ford gave permission to Auffenberg to rent the vehicle to drivers such as Kauling while their own vehicles are being repaired by the Ford dealership.  There is no contention that Auffenberg exceeded the scope of Ford's permission to use the car, nor is there any contention on appeal that the defendants' policies do not provide at least secondary coverage.  The initial-permission rule is simply not implicated.  We conclude that the trial court correctly determined that the plaintiff's policy provides primary coverage for any liability Kauling may have to Watson. 

III. CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court.

Affirmed.

KUEHN and DONOVAN, JJ., concur.

                                      NO. 5-01-0694

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

___________________________________________________________________________________

STATE FARM MUTUAL AUTOMOBILE )  Appeal from the

INSURANCE COMPANY, )  Circuit Court of

)  St. Clair County.

     Plaintiff-Appellant, )

) 

v. )  No. 00-MR-11

) 

HERTZ CLAIM MANAGEMENT )

CORPORATION and NATIONAL UNION )

FIRE INSURANCE COMPANY OF )

PITTSBURGH, PENNSYLVANIA, )  Honorable 

)  Stephen R. Rice,

     Defendants-Appellees. )  Judge, presiding.

___________________________________________________________________________________

Opinion Filed
: April 29, 2003

___________________________________________________________________________________

Justices
: Honorable Melissa A. Chapman, J.

Honorable Clyde L. Kuehn, J., and

Honorable James K. Donovan, J.,

Concur

___________________________________________________________________________________

Attorneys
 John W. Leskera, Dunham, Boman & Leskera, 300 West Clay Street, Collinsville,

for
 IL 62234; Robert D. Francis, 101 South Pointe Drive, Suite C, Edwardsville, IL 

Appellant
 62025

___________________________________________________________________________________

Attorneys
 Gregory J. Minana, R. Prescott Sifton, Jr., Blackwell, Sanders, Peper, Martin, LLP,

for
 Mark Twain Plaza One, 101 West Vandalia Street, Suite 325L, Edwardsville, IL 

Appellees
 62025

___________________________________________________________________________________

COMMENTS AND ANNOTATIONS
Text Box 1:

TEXT BOXES
NOTICE

Decision filed 04/29/03.  The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.