MEMORANDUM *
Under Washington law, insurance contracts “are interpreted according to the intent of the parties, which is discerned from the language of the contract and the circumstances in which it is formed.” Safeco Ins. Co. v. Auto. Club Ins. Co., 108 Wash.App. 468, 31 P.3d 52, 57 (2001) (footnote reference omitted). Further, “parties may ... contract for automobile insurance coverage that only becomes available after all other insurance available, including excess insurance, is exhausted.” New Hampshire Indem. Co. v. Budget Rent-A-Car Sys., Inc. (Budget), 148 Wash.2d 929, 64 P.3d 1239, 1242 (2003) (En Banc), as amended.
*542 Royal Surplus Lines Insurance Company’s (Royal) policies contained super escape clauses, while Liberty Mutual Insurance Company’s (Liberty) policy contained an excess clause. Under Budget, Royal’s policy is to be construed to “exclude coverage if excess insurance is available.” Id. Therefore, the district court did not err in ordering Liberty to reimburse Royal under the express terms of the contracts.
An insured is entitled to recover attorney’s fees from an insurer when the fees were incurred “because an insurer refused] to defend or pay the justified action or claim of the insured ...” Olympic Steamship Co. v. Centennial Ins. Co., 117 Wash.2d 37, 811 P.2d 673, 681 (1991) (En Banc), as changed. The district court awarded Genie Industries (Genie) attorney’s fees under this doctrine.
Liberty first attempted to assert, on a motion for reconsideration, that Genie failed to properly notify Liberty of potential losses under its policy. However, the facts surrounding Liberty’s defense were known throughout the litigation. As such, its attempt to raise the issue for the first time in a motion for reconsideration was properly denied because the facts at issue were not newly discovered. See Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir.2000).
Even if Liberty had not attempted to raise this issue for the first time in a motion for reconsideration, it would still not prevail. “Whether an insured breached its obligations under the insurance contract and whether the insurer was prejudiced thereby are factual determinations to be resolved by the trier of fact.” Pederson’s Fryer Farms, Inc. v. Transamerica Ins. Co., 83 Wash.App. 432, 922 P.2d 126, 131 (1996) (citations omitted). Given Genie’s factual assertion that it provided notice as soon as practicable, Liberty cannot demonstrate that Genie “undisputedly failed to comply with express coverage terms.” Pub. Util. Dist. No. 1 v. Int’l Ins. Co., 124 Wash.2d 789, 881 P.2d 1020, 1034-35 (1994) (En Banc).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.